PEOPLE v JOHN E. MOORE

1. CRIMINAL LAW—CONSTITUTIONAL LAW—STATUTES—PRESUMPTIONS
   —DUE PROCESS.

   The constitutionality of a presumption in a criminal statute,
   where there is a due process challenge to the statute, depends
   upon the rationality of the connection between the facts proved
   and the ultimate fact presumed; the statute will be invalidated
   unless it can at least be said with substantial assurance that
   the fact presumed is more likely than not to flow from the
   proved fact on which the presumed fact is made to depend.

2. CRIMINAL LAW—PISTOLS—OBLITERATED IDENTIFICATION NUMBERS—
   PROOF OF POSSESSION—INSUFFICIENT PROOF.

   Proof of possession of a pistol with the identifying numbers
   obliterated cannot alone sustain a conviction for willfully oblit-
   erating the manufacturer's number or other marks of identifi-
   cation; insufficient evidence that a defendant obliterated the
   identifying marks has been presented by the prosecution where
   there is a showing merely that a defendant possessed such a
   weapon, because it is not more likely than not that one who
   possesses a pistol with the identifying marks obliterated was
   also the one who obliterated them.

Appeal from Saginaw, Hazen R. Armstrong, J.
Submitted June 6, 1977, at Lansing. (Docket No.
30361.) Decided September 21, 1977. Leave to ap-
peal applied for.

John E. Moore was convicted of obliterating the
identifying marks of a pistol. Defendant appeals.
Reversed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert L. Kaczma-*

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 29 Am Jur 2d, Evidence §§ 161, 162.

*rek,* Prosecuting Attorney, and *Peter C. Jensen,* Assistant Prosecuting Attorney, for the people.

*Thick & Bush,* for defendant.

Before: DANHOF, C. J., and T. M. BURNS and A. E. KEYES,* JJ.

T. M. BURNS, J. In this case defendant asks that the statutory presumption contained in MCLA 750.230; MSA 28.427,[1] which allows conviction for obliterating the identifying marks of a pistol by proof of possession of such a pistol, be declared unconstitutional as a denial of due process.[2] Defendant was convicted under this provision in February of 1975 on the basis of the seizure, pursuant to a search warrant to look for narcotics at a Saginaw address, of a .38-calibre revolver with the serial numbers ground off. Defendant was present at the address when the search warrant was executed.

The prosecutor presented no direct evidence that defendant was the individual who actually removed the serial numbers. The people did present proof that defendant possessed the gun and that the identifying marks were obliterated. However, for the essential element of the crime, that the defendant was in fact the one who did the obliterating, the people relied solely upon the statutory

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The statute under which defendant was prosecuted provides: "Any person who shall wilfully alter, remove or obliterate the name of the maker, model, manufacturer's number or other mark of identity of any pistol, shall be guilty of a felony, punishable by imprisonment in the state prison not more than two [2] years or fine of not more than one thousand [1,000] dollars. Possession of any such firearm upon which the number shall have been altered, removed or obliterated, shall be presumptive evidence that such possessor has altered, removed or obliterated the same."

The statute was since amended by 1976 PA 32.

[2] US Const, Am XIV.

presumption. The trial court instructed on this presumption.[3]

Defendant claims there is no rational connection between the established fact, possession of the pistol, and the presumed fact, that the possessor obliterated the identifying marks on the pistol.[4] If there is no rational connection between the established fact and the presumed fact, defendant is denied due process because the jury is allowed to convict on the basis of insufficient evidence as to one of the elements of the crime.

The United States Supreme Court has considered statutory presumptions and inferences in light of constitutional challenges in many cases. *See, e.g., Tot v United States,* 319 US 463; 63 S Ct 1241; 87 L Ed 1519 (1943), *United States v Gainey,* 380 US 63; 85 S Ct 754; 13 L Ed 2d 658 (1965), *United States v Romano,* 382 US 136; 86 S Ct 279; 15 L Ed 2d 210 (1965), *Leary v United States,* 395 US 6; 89 S Ct 1532; 23 L Ed 2d 57 (1969), *Turner v United States,* 396 US 398; 90 S Ct 642; 24 L Ed 2d 610 (1970). Michigan courts have had a similar opportunity. *People v Serra,* 55 Mich App 514, 527; 223 NW2d 28 (1974).

When the challenge to the statute is based on due process "the constitutionality of the legislation depends upon the rationality of the connection

---

[3] "Presumptions are deductions or conclusions which the law requires the jury to make under certain circumstances, in the absence of evidence in the case, which leads the jury to a different or contrary conclusion. A presumption continues to exist only so long as it is not overcome or outweighed by evidence in the case to the contrary; but unless and until the presumption is so outweighed, the jury are *[sic]* bound to find in accordance with the presumption.

"Unless and until outweighed by evidence in the case to the contrary, the law presumes that possession of any firearm, upon which the numbers shall have been altered, removed or obliterated, shall be presumptive evidence that such possessor has altered, removed or obliterated the same."

[4] There is no claim that the presumption involved here infringes on defendant's right not to take the stand. *See, People v Gallagher,* 68 Mich App 63; 241 NW2d 759 (1976).

'between the facts proved and the ultimate fact presumed.' " *United States v Gainey,* 380 US at 66, quoting *Tot v United States, supra.* Although the standard by which the rationality of the connection is to be tested has not been definitively decided, it is clear that statutory presumptions, such as that involved in the present case, will be invalidated " 'unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend.' "[5] *Turner v United States,* 396 US at 405, quoting *Leary v United States, supra.*

Is it more likely than not that one who possesses a pistol with the identifying marks obliterated was also the one who obliterated them? Stated another way, has the prosecution presented sufficient evidence that one obliterated the identifying marks of a pistol by merely showing that he possessed such a weapon? The conclusion must be in the negative.

The prosecutor suggests no empirical studies or other evidence upon which such a legislative assumption could be based and we have found none.[6] The circumstances of life as we know them, *Leary v United States, supra,* do not inevitably lead to the conclusion that the possessor of a pistol with

---

[5] The alternative and much stricter standard would be proof of the connection between the facts beyond a reasonable doubt. *See,* McCormick, Evidence (2d ed), § 344, p 816.

In dealing with an instruction on inferences based on the common law, the Supreme Court stated in *Barnes v United States,* 412 US 837, 843; 93 S Ct 2357; 37 L Ed 2d 380 (1973): "What has been established by the cases however, is at least this: that if a statutory inference submitted to the jury as sufficient to support conviction satisfies the reasonable-doubt standard (that is, the evidence necessary to invoke the inference is sufficient for a rational juror to find the inferred fact beyond a reasonable doubt) as well as the more-likely-than-not standard, then it clearly accords with due process."

[6] Compare the United States Supreme Court's treatment of legislative and textual material used to support the statutory inferences in *Turner v United States, supra.*

the identifying marks removed must have been the one to remove them. There are simply too many rational explanations in which the possessor of a weapon which has the identifying marks obliterated would not be the one who had obliterated them. Compare, *Tot v United States,* supra.

This holding does not attempt to pass on the validity of other statutory presumptions, see *People v Serra, supra,* or the validity of a judicially sanctioned instruction on permissible inferences, see *Barnes v United States,* 412 US 837; 93 S Ct 2357; 37 L Ed 2d 380 (1973). Nor is the power of the Legislature to proscribe *possession* of a pistol which has its identifying marks obliterated in any way challenged. But, proof of possession alone cannot sustain a conviction for willfully obliterating the manufacturer's number or other marks of identity.

This disposition makes discussion of defendant's other issues unnecessary. If the people have other evidence that defendant was the one who obliterated the serial number and elect to retry him, the trial court should hold a hearing on the sufficiency of the affidavit supporting the search warrant to provide a record upon which defendant's claim in that regard may be judged.

Reversed.