PEOPLE v MOORE

Docket No. 60462. Decided June 5, 1978. On application by the people
for leave to appeal the Supreme Court, in lieu of granting leave
to appeal, affirmed the decision of the Court of Appeals.

John E. Moore was convicted by a jury in Saginaw Circuit Court,
Hazen R. Armstrong, J., of obliterating the identifying number
of a firearm upon proof that he had been in possession of a
handgun on which the number was obliterated. The prosecu-
tion relied on the statutory presumption that a person in
possession of such a firearm is guilty of altering the number
and did not produce any other evidence that the defendant had
obliterated the number. The Court of Appeals, Danhof, C.J.,
and T. M. Burns and Keyes, JJ., reversed on the ground that
the statutory presumption denied the defendant due process of
law (Docket No. 30361). The people apply for leave to appeal.
*Held:*

The Court of Appeals correctly found the statutory presump-
tion unconstitutional.

Affirmed.

78 Mich App 565; 261 NW2d 3 (1977) affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert L. Kaczma-
rek,* Prosecuting Attorney, and *Peter C. Jensen,*
Assistant Prosecuting Attorney, for the people.

*George E. Thick* and *George C. Bush* for defend-
ant.

Per Curiam. The prosecutor has applied for
leave to appeal the Court of Appeals decision
holding unconstitutional the provision of MCLA
750.230; MSA 28.427,[1] which makes the possession

_____

[1] At the time of the charged offense, the statute provided:

"Any person who shall wilfully alter, remove or obliterate the
name of the maker, model, manufacturer's number or other mark of

of a firearm on which identifying numbers have been altered or obliterated presumptive evidence that the possessor has altered or obliterated the identifying numbers. 78 Mich App 565; 261 NW2d 3 (1977).

The prosecution produced evidence that the defendant was in possession of a handgun on which the identifying numbers had been obliterated. There was no evidence that defendant did the obliterating, and the prosecution relied on the statutory presumption. The defendant was found guilty by the jury. The Court of Appeals held that use of the statutory presumption denied the defendant due process of law.

We have reviewed the issues raised in the prosecutor's application and conclude that the Court of Appeals correctly found the statutory presumption unconstitutional.

Pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we affirm the decision of the Court of Appeals.

KAVANAGH, C.J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

identity of any pistol, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 2 years or fine of not more than 1,000 dollars. Possession of any such firearm upon which the number shall have been altered, removed or obliterated, shall be presumptive evidence that such possessor has altered, removed or obliterated the same."

The statute was amended by 1976 PA 32; however, the amendments do not affect the issues raised in this case.