PEOPLE v DORRIS

PEOPLE v MURRAY

Docket Nos. 43162, 77-4860. Submitted January 4, 1980, at Detroit.— Decided March 4, 1980. Leave to appeal applied for.

Jo Ann Dorris and John Murray were convicted of possession of an incendiary device, Recorder's Court of Detroit, Henry L. Heading, J. The defendants appeal, alleging that 1) the trial judge improperly denied a motion for directed verdicts of acquittal because the proofs offered by the prosecution did not sufficiently comply with the charge in the information, 2) the people failed to prove that the "Molotov cocktails" would explode, 3) the doctrine of *ejusdem generis* requires that the term "highly incendiary" be restricted to a definition which incorporates an explosive device, 4) the prosecution concluded its proofs without presenting testimony that the defendants had an unlawful intent, and 5) the court should have advised the jury of the prosecution's burden of proving that the containers involved were "Molotov cocktails". *Held:*

1. The denial of the defendants' motion for directed verdicts was proper. Although the information incorrectly called the devices in question "Molotov cocktails", the information still was very similar to the language in the statute under which the defendants were charged and the defendants were fully aware of the specific act said to violate the law. There was sufficient evidence presented by the prosecution for the jury to conclude that all elements of the crime were established beyond a reasonable doubt.

2. The prosecution did not have to prove that the devices were "Molotov cocktails", nor that they would explode.

3. The doctrine of *ejusdem generis* has no application to the instant case. The statute under which the defendants were convicted expresses a legislative intent to prohibit fire-starting

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur 2d, Indictments and Informations § 89.

[2] 5 Am Jur 2d, Appeal and Error § 886.

[3] 29 Am Jur 2d, Evidence §§ 9-11.

or fire-spreading devices and is not limited to bombs or explosive implements.

4. The statute specifically provides that possession of a prohibited device is prima facie evidence of the possessor's intent to use the devices unlawfully. There was sufficient evidence adduced to allow the jury to conclude that the defendants had possession of the devices. It is neither unreasonable nor unconstitutional to presume unlawful intent from possession of the devices in the instant case.

5. The crime as charged in the information was in fact proven. There was no need to prove that the devices were "Molotov cocktails".

Affirmed.

1. CRIMINAL LAW — INFORMATION — STATUTES.

A criminal charge in an information is sufficient where the illegal conduct of a defendant is phrased in the language of the applicable criminal statute.

2. CRIMINAL LAW — APPEAL AND ERROR — MOTIONS — DIRECTED VERDICT OF ACQUITTAL — REASONABLE DOUBT.

A reviewing court, in passing on a motion for a directed verdict of acquittal in a criminal case, must consider only the evidence which had been introduced at the time the motion was made, view that evidence in the light most favorable to the prosecution, and determine whether that evidence would justify a reasonable man in concluding that all elements of the crime were established beyond a reasonable doubt.

3. CRIMINAL LAW — STATUTES — PRESUMPTIONS.

Legislative presumptions in criminal statutes are valid so long as there is a rational connection between the proven facts and the fact to be presumed; if the presumed fact is more likely than not to flow from the proven facts, the presumption is constitutionally valid.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Anne B. Wetherholt,* Assistant Prosecuting Attorney, for the people.

*I. Goodman Cohen* (by *Charles E. Kovsky),* for defendants on appeal.

Before: T. M. Burns, P.J., and Bashara and N. J. Kaufman, JJ.

Bashara, J. Defendants appeal from their convictions by a jury of possession of an incendiary device, MCL 750.211A; MSA 28.408(1).

Defendants first contend that the trial judge improperly denied a motion for directed verdicts because the proofs offered by the prosecutor did not sufficiently comply with the charge in the information. They argue that, therefore, the trial judge should have granted their motion for directed verdicts at the close of the prosecution's proofs. Count I of the information alleged that defendants

"did have in their possession 5 molotov cocktails device which was [sic] designed to explode upon impace [sic] or explode upon the application of heat or a flame, or which was highly incendiary and with intent to use the device unlawfully against the person or property of another, contrary to Sec. 750.211a, M.C.L.A."

The gist of defendants' argument is that the testimony of the only qualified expert was that defendants were not in possession of "Molotov cocktails".

The prosecution presented two witnesses who testified as to the contents and properties of the containers found in the trunk of the auto owned by one of the defendants and in which they were riding when apprehended. The first, from the Detroit Police Department arson squad, referred to the containers as "Molotov cocktails". The second, from the State Department of Public Health crime detection laboratory, testified that the containers would not be classified as "Molotov cocktails" because they lacked sulphuric acid. However, both

witnesses agreed that the containers were filled with gasoline and each contained a wick. They also concurred in the opinion that the containers would be highly inflammable. The State Health Department witness indicated that if the wick was lighted and the container thrown, the liquid in the container would ignite as it spilled out on impact.

A review of the testimony leads us to conclude that the defendants were fully aware of the specific act said to violate the law.[1] Other than the term "Molotov cocktails", the information is very similar to the statutory language. All that need be proved is that defendants had in their "possession any device * * * which * * * is highly incendiary, with intent to use the device unlawfully against the person or property of another". MCL 750.211a; MSA 28.408(1).[2]

A charge in which the illegal conduct of the defendant is phrased in the language of the statute is sufficient. *People v Lightstone,* 330 Mich 672; 48 NW2d 146 (1951), *People v Kelley,* 78 Mich App 769; 260 NW2d 923 (1977).

The standard for review of a trial court's denial of a motion for a directed verdict was well stated in *People v Royal,* 62 Mich App 756, 757-758; 233 NW2d 860 (1975):

"In passing on a motion for a directed verdict of

---

[1] MCL 767.45; MSA 28.985 states that the information or indictment shall "fairly apprise the accused and the court of the offense charged".

[2] The full text of MCL 750.211a; MSA 28.408(1) is as follows:

"Sec. 211a. Any person who shall make, construct or have in his possession any device which is designed to explode or which will explode upon impact or with the application of heat or a flame, or which device is high incendiary, with intent to use the device unlawfully against the person or property of another is guilty of a felony. For the purposes of prosecution under this section, possession of such a device is prima facie evidence of the possessor's intent to use the device unlawfully against the person or property of another."

acquittal in a criminal case, the reviewing court must 1) consider only the evidence which had been introduced at the time the motion was made, * * * 2) view that evidence in the light most favorable to the prosecution, * * * and 3) determine whether that evidence, if credible and believed, would justify a reasonable man in concluding that all elements of the crime were established beyond a reasonable doubt." (Citations and footnotes omitted.)

Viewed in light of the foregoing parameters, we find the court's denial of the motion for directed verdicts to be proper.

Defendants also claim that the people failed to prove that the "Molotov cocktails" would explode. We reject the argument. The prosecution did not have to prove that the confiscated containers were "Molotov cocktails", nor that they would explode. As previously stated, the language of the statute permits a showing that the device was highly incendiary.

Defendants contend the doctrine of *ejusdem generis* requires that the term "highly incendiary" be restricted to a definition which incorporates an explosive device. To the contrary, *In re Mosby,* 360 Mich 186, 192; 103 NW2d 462 (1960), advises:

"The rule of *ejusdem generis* is not to be invoked in every case where general words follow (or possibly precede) specific words. For example, it applies only where the specific words relate to subjects of a single kind, class, character, or nature, as noted above. In all events, the rule is useful only for the purpose of aiding the judicial search for the sometimes elusive scrivener's intent. Where the language used, considered in its entirety, discloses no purpose of limiting the general words used, the rule of *ejusdem generis* may not be invoked to defeat or limit the purpose of the enactment."

See also, *People v Powell,* 280 Mich 699; 274 NW 372 (1937), and *People v O'Hara,* 278 Mich 281; 270 NW 298 (1936).

Before the enactment of the present statute in 1966, and amendment in 1968, MCL 750.210; MSA 28.407 was the only statutory prohibition against such devices and it specifically referred to "bombs". MCL 750.211a should be viewed as expressing the legislative intent to prohibit fire-starting or spreading devices, and not restricted to "bombs" or explosive implements. We conclude that the doctrine of *ejusdem generis* has no application to the case at bar.

The record supports the prosecution's charge. It was within the province of the jury to determine whether the crime was proved beyond a reasonable doubt.

Defendants argue that the people concluded their proofs without presenting testimony that the defendants had an unlawful intent. The statute specifically provides that possession of a prohibited device under this section is prima facie evidence of the possessor's intent to use the devices unlawfully. Clearly, there was sufficient evidence adduced to allow the jury to conclude that defendants had possession of the devices.

Legislative presumptions are valid so long as there is a rational connection between the proven facts and the fact to be presumed. *People v Gallagher,* 404 Mich 429; 273 NW2d 440 (1979), *People v John E. Moore,* 78 Mich App 565; 261 NW2d 3 (1977), *aff'd* 402 Mich 538; 266 NW2d 145 (1978). If the presumed fact is more likely than not to flow from the proven fact, the presumption is constitutionally valid. *People v Gallagher, supra.*

Explosive and incendiary devices generally have no legal purpose, except for use by military per-

sonnel. It is more likely than not that one in possession of the type of device referred to in the statute possesses the article with unlawful intent. Therefore, presuming intent from possession in the case at bar would be neither unreasonable nor unconstitutional.

It is true that the statute speaks to prima facie evidence rather than a mere presumption. However, in *People v Kayne,* 268 Mich 186; 255 NW 758 (1934), an ordinance using the term prima facie evidence, rather than presumption, was before the Michigan Supreme Court. A fair reading of that case would make it appear that the Court has given these terms the same legal meaning for purposes of testing an enactment's validity.

Defendants finally assert that the court should have advised the jury of the prosecution's burden of proving that the containers involved were "Molotov cocktails". Reading the jury instructions in their entirety, we are convinced that the crime as charged in the information was in fact proven. In view of our prior holding, this argument is without merit.

Affirmed.