PEOPLE *v.* KAYNE.

1. CRIMINAL LAW—PRESUMPTION OF EVIDENCE—OWNERSHIP OF AUTO-
MOBILES—ILLEGAL PARKING.

Provision of ordinance relative to parking that display of regis-
tration plate on a motor vehicle parked in violation of or-
dinance shall constitute in evidence a *prima facie* presumption
that the owner of such vehicle was the person who so parked
it *held*, not violative of constitutional provision that "no per-
son shall be compelled in any criminal case to be a witness
against himself, nor be deprived of life, liberty or property,
without due process of law" as it does not compel him to
testify or submit to an examination in order to make his de-
fense (Const. 1908, art. 2, § 16; Detroit Comp. Ord. chap. 196,
§ 65[b]).

2. SAME—STATE'S BURDEN OF PROOF.

In any criminal case the burden of proof is upon the State to
prove the guilt of the defendant beyond a reasonable doubt.

3. SAME—PRESUMPTION OF INNOCENCE.

A person accused of violation of a criminal law is presumed to
be innocent until he is proved guilty.

4. SAME—BURDEN OF GOING FORWARD.

Rules in criminal cases that burden of proof is upon State to
prove the guilt of defendant beyond a reasonable doubt and
that an accused is presumed to be innocent until proved guilty
do not exclude the use of rules of evidence, provided by stat-
ute or ordinance, which require defendant to go forward with
the evidence after the *prima facie* evidence is introduced.

5. SAME—PRIMA FACIE PRESUMPTIONS—DEFENDANT'S EVIDENCE—
STATE'S BURDEN OF PROOF.

In a case involving a *prima facie* presumption, when the evidence
of defendant is introduced, the burden of proof is always upon
the State to prove guilt beyond a reasonable doubt because,
upon introduction of evidence by defendant, the presumption

disappears, as a rule of law, and the case is in the jury's hands free from any rule, but if defendant introduces no evidence the jury may properly find him guilty by virtue of the presumption.

6. SAME—PRESUMPTION OF INNOCENCE—EVIDENCE—STATUTORY PRESUMPTIONS.

The presumption of innocence with which an accused enters upon the trial of a criminal case may be overcome not only by direct proof but also, when the facts standing alone are not enough, by the additional weight of a countervailing legislative presumption.

7. CONSTITUTIONAL LAW—STATUTORY PRESUMPTIONS OF EVIDENCE.

Legislation providing that proof of one fact shall constitute *prima facie* evidence of the main fact in issue is enactment of a rule of evidence within the general power of government.

8. SAME—DUE PROCESS—EQUAL PROTECTION—RATIONAL CONNECTION BETWEEN FACT PROVED AND ULTIMATE FACT PRESUMED.

That a legislative presumption of one fact from evidence of another may not constitute a denial of due process of law or a denial of the equal protection of the law it is only essential that there shall be some rational connection between the fact proved and the ultimate fact presumed, and that the inference of one fact from proof of another shall not be so unreasonable as to be a purely arbitrary mandate; nor may it operate to preclude a party from the right to present his defense to the main fact presumed (Const. 1908, art. 2, § 16).

9. SAME—STATUTES—RULES OF CONCLUSIVE EVIDENCE.

Statutes prescribing rules of conclusive evidence in criminal cases are invalid.

10. CRIMINAL LAW—STATUTORY PRESUMPTIONS OF EVIDENCE.

Under a valid statutory presumption of evidence in a criminal case such *prima facie* evidence is competent but it neither compels the defendant to take the witness stand nor to produce rebutting testimony but he may always present to the jury his contention that his guilt is not, by such *prima facie* evidence, established beyond a reasonable doubt.

11. SAME—EFFECT OF STATUTORY PRESUMPTION OF EVIDENCE—BURDEN OF PROOF.

The effect of enacting a statutory presumption of evidence is merely to establish a rule of evidence and not to change the

fundamental rule as to the burden of proof and *quantum* of evidence necessary to a conviction in a criminal case.

12. STATUTES—CONSTRUCTION AS CONSTITUTIONAL.

If a statute is susceptible to two interpretations and one will render it unconstitutional and the other will not, the latter should be adopted.

13. CONSTITUTIONAL LAW — ORDINANCES—STATUTES—PRESUMPTIONS OF EVIDENCE—DUE PROCESS.

In ordinances and statutes providing that proof of one fact shall be *prima facie* evidence of the main fact in issue, it is necessary that there be a rational connection between what is proved and what is to be inferred and that it not be conclusive of the rights of the person against whom it is raised lest it constitute a denial of due process of law (Const. 1908, art. 2, § 16).

14. SAME—PARKING ORDINANCE—PRESUMPTION OF VIOLATION BY OWNER—DUE PROCESS.

The provision of a city parking ordinance that owner of car, parked in violation of the ordinance, is presumed to have been *prima facie* the person who so parked it does not constitute a denial to him of due process of. law since there is a rational connection between his ownership of the car, license to use it on the streets as evidenced by license plates attached to the car and actual use of highways by him and parking thereon and such provision is not unreasonable (Const. 1908, art. 2, § 16; Detroit Comp. Ord. chap. 196, § 65 [b]).

15. MANDAMUS—COSTS—PUBLIC QUESTION—CONSTITUTIONALITY OF CITY PARKING ORDINANCE.

On appeal in nature of mandamus to set aside order dismissing complaint against defendant for violation of a parking ordinance on ground such ordinance was unconstitutional, no costs are awarded on reversal of order of dismissal and granting writ of mandamus where it is apparent from the record that proceedings were in the nature of a test case involving a public question.

Appeal from Recorder's Court for the City of Detroit, Traffic and Ordinance Division; Murphy (George T.), J. Submitted April 14, 1938. (Docket

No. 134, Calendar No. 39,992.) Decided November 10, 1938.

Samuel A. Kayne was charged with having illegally parked his automobile. Dismissal of complaint is reviewed by appeal in the nature of mandamus. Reversed and writ granted.

*Raymond J. Kelly*, Corporation Counsel, *Nathaniel H. Goldstick* and *Arthur Barkey*, Assistants Corporation Counsel, for appellant.

*Harry J. Solomon*, for defendant.

McALLISTER, J.   Defendant was charged with violating the parking ordinance of the city of Detroit. On February 24, 1938, a police officer discovered an automobile parked on the north side of Cadillac square in violation of the municipal ordinances and regulations of the city of Detroit, prohibiting parking opposite a building entrance and in a bus stop zone.   The officer attached a so-called parking violation ticket to the motor vehicle, indicating the nature of the violation of ordinance and notifying the owner to appear in court on February 25, 1938, to answer a complaint which would then and there be filed against him.   Thereafter, the officer consulted the records of the secretary of State and ascertained that the registration plates of the motor vehicle were issued to defendant.   A complaint was filed in the recorder's court for the city of Detroit, charging defendant with parking his motor vehicle in violation of the municipal regulations.   The defendant appeared in court on the date specified by the parking ticket, and, when arraigned, stood mute.   A plea of not guilty was entered for him by the court.

On the trial of the case, it appeared that according to the records of the secretary of State, defendant was the owner of the car which had been parked in violation of the ordinance. Testimony was also introduced showing that on January 14, and 15, of 1938, which dates were taken at random, in 87.6 per cent. of the cases where automobiles had been parked in violation of the ordinance, the owner of such automobile had himself committed the violation; that in 8 per cent. of the cases, such violation had been committed by immediate members of the owner's family; that in 4.4 per cent. of such cases, the violation was committed by some person other than the owner himself or an immediate member of his family. There was no testimony in this case as to who had actually parked the car in violation of the ordinance.

At the conclusion of the proofs, defendant's counsel moved to dismiss the complaint upon the ground that plaintiff had failed to establish that defendant actually had committed the parking violation. The trial court granted the motion to dismiss the complaint and warrant, holding that the ordinance in question was unconstitutional, and, in effect, that the city could not maintain its action unless it affirmatively showed that defendant himself had parked the car in violation of the ordinance. The case is here on appeal in the nature of a petition for a writ of mandamus to require the trial court to set aside the order of dismissal and to proceed with the trial.

The ordinance before us for consideration reads as follows:

"In any proceeding for violation of the parking provisions of this chapter, being sections 53 to 65, inclusive, of chapter 196 of the compiled ordinances of the city of Detroit for the year 1936, and amend-

ments thereto, or any rule or regulation adopted pursuant to the provisions of said chapter the registration plate displayed on such motor vehicle shall constitute in evidence a *prima facie* presumption that the owner of such motor vehicle was the person who parked or placed such motor vehicle at the point where such violation occurred." (Compiled Ordinances of the City of Detroit, chap. 196, § 65[b]).

A similar question came before this court in *People* v. *Hoogy,* 277 Mich. 578, where we held that a traffic ordinance was unconstitutional.

In the *Hoogy Case,* the ordinance there in question read as follows:

"In any proceeding for violation of the provisions of ordinance No. 115-C of the ordinances of the city of Detroit, and all amendments thereto, commonly known as the 'traffic ordinance,' or any rule or regulation adopted pursuant to the provisions of said ordinance, the registration plate displayed on such motor vehicle shall be evidence which standing alone and unexplained shall be deemed sufficient proof that the owner of such motor vehicle was then operating same. *If at any hearing or proceeding the owner shall testify under oath or affirmation that he was not operating the said motor vehicle at the time of the alleged violation, and if at such hearing or proceeding the owner shall submit himself to an examination as to the person, who at the time was operating the same, and will reveal the identity of such person, if known to him, then the evidence arising from the registration plate that the owner of such motor vehicle was then operating the same, shall not be deemed sufficient proof that the owner of such motor vehicle was then operating the same and the burden of proof shall be shifted to the complainant."*

In the *Hoogy Case,* it was held that the ordinance was unconstitutional for the reason that it required

the person prosecuted to appear in court and to be a witness in proceedings brought against him; that such provision deprived the accused of due process of law, compelling him to be a witness in proceedings wherein he was being prosecuted, and was, therefore, in violation of the Constitution of 1908, of the State of Michigan, art. 2, § 16, which provides:

"No person shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property, without due process of law."

There is, however, a distinction to be drawn between *People* v. *Hoogy, supra,* and the instant case. In the *Hoogy Case,* it was provided by ordinance that the owner of the vehicle was presumed to be operating the same at the time of the violation of an ordinance, unless he testified under oath that he was not operating the said vehicle at the time of the alleged violation. The owner was also required to submit himself to an examination as to the person who was operating the vehicle at such time, and, in order to overcome the presumption of the ordinance, was required to reveal the identity of such person, if known to him. In the instant case, it is not required that the defendant or owner of the vehicle testify under oath that he was not operating the motor vehicle at the time of the violation of the ordinance; nor is it required that such owner submit to an examination as to the person who actually was operating the vehicle at such time; and further, it is not required by the ordinance in the instant case, that such owner disclose the name of the violator of the ordinance, if known to him. The ordinance under consideration only provides that the registration plates displayed on the motor vehicle of an automobile parked in violation of the ordinance

shall constitute in evidence a *prima facie* presumption that the owner was the person who parked or placed such motor vehicle at the point where such violation occurred. The ordinance does not compel the accused to testify or submit to an examination in order to make his defense.

In any criminal case, the burden of proof is upon the State to prove the guilt of the defendant beyond a reasonable doubt; a person accused of violation of a criminal law is presumed to be innocent, until he is proved guilty. Such axioms of law, however, do not exclude the use of rules of evidence provided for, by statute or ordinance, which place upon a defendant the burden of going forward with the evidence after the *"prima facie* evidence" is introduced.

Statutes frequently provide for *prima facie* presumptions in criminal prosecutions, until the defendant has adduced evidence in his behalf.

"In this State many instances may be cited where by statutory enactment proof of something other than the direct act charged constitutes *prima facie* evidence in prosecutions for violations of the statute. The following are examples taken at random: Prefixing the word doctor or its abbreviations to one's name is *prima facie* evidence of practicing medicine (2 Comp. Laws 1929, § 6745 [Stat. Ann. § 14.539]); possession of the carcass or skin or any portion thereof of a protected animal out of season is *prima facie* evidence of the unlawful killing of the animal by such possessor (2 Comp. Laws 1929, § 6221 [Stat. Ann. § 13.1342]); prohibited appliance for use in fishing found in a boat house on the shore of a lake is *prima facie* evidence of its use in violation of the statute (2 Comp. Laws 1929, § 6380); possession of policy or pool books is *prima facie* evidence of their use by the possessor in the form of gaming pro-

hibited (Act No. 328, § 306, Pub. Acts 1931 [Comp. Laws Supp. 1935, § 17115-306, Stat. Ann. § 28.538]) ; and likewise possession of unstamped boots or shoes showing the use of imitation leather, if such is the fact, is *prima facie* evidence of intent to sell the same (Act No. 328, § 290, Pub. Acts 1931 [Comp. Laws Supp. 1935, § 17115-290, Stat. Ann. § 28.501]). The validity of these and many other like statutory provisions can be sustained only on the ground that *prima facie* evidence means competent evidence and nothing more." *People* v. *Licavoli,* 264 Mich. 643, 663.

In cases involving *prima facie* presumptions, when the evidence of defendant is introduced, the burden of proof is always upon the State to prove guilt beyond a reasonable doubt. If such evidence is introduced, the presumption disappears, as a rule of law, and the case is in the jury's hands free from any rule. 5 Wigmore on Evidence (2d Ed.), § 2491. If no such evidence is introduced by defendant, the jury, nevertheless, have the right to find him guilty by virtue of the presumptions.

In *People* v. *Immonen,* 271 Mich. 384, this court had occasion to pass upon the constitutionality of a statute providing that the public display of a red flag constituted *prima facie* evidence of its use as a symbol of anarchy. The court held that if there were a rational connection between the display of the flag and its use as a symbol of anarchy, the statute making such display *prima facie* evidence of its use as such symbol was not unconstitutional. The court, at page 399, said:

"In this instance that which the legislature decreed should be *prima facie* evidence is confessedly inherent in, and an essential element of, the course of conduct forbidden and made criminal by the

statute. It is not 'an arbitrary fiat of the legislature.' Instead there is a rational connection between the statutory offense and the inference to be drawn therefrom which is made *prima facie* evidence of anarchy. There can be no doubt of the power of the legislature to enact rules of evidence provided such rules do not contravene constitutional rights."

In *People* v. *Jackson,* 280 Mich. 6, in a case involving the validity of a statute creating a presumption of evidence, Mr. Justice WIEST said:

"It is also contended that the statute (Act No. 328, § 457, Pub. Acts 1931 [Comp. Laws Supp. 1935, § 17115–457, Stat. Ann. § 28.712]) in making 'acceptance, receipt, levy or appropriation of such money or valuable thing, * * * presumptive evidence of lack of consideration,' is unconstitutional in casting upon defendant the burden of going forward with the evidence and negativing the presumption. The identical point was considered in *State* v. *Pippi,* 59 Mont. 116 (195 Pac. 556), and found to have no merit.

"Defendant gave no testimony and, therefore, we do not have the question of weighing the evidence against the statutory presumption. Employment of the statutory presumption did not deprive defendant of any right.

" 'Every accused person, of course, enters upon his trial clothed with the presumption of innocence. But that presumption may be overcome, not only by direct proof, but, in many cases, when the facts standing alone are not enough, by the additional weight of a countervailing legislative presumption. If the effect of the legislative act is to give to the facts from which the presumption is drawn an artificial value to some extent, it is no more than happens in respect of a great variety of presumptions not resting upon statute. * * *

" 'The point that the practical effect of the statute creating the presumption is to compel the accused person to be a witness against himself may be put aside with slight discussion. The

statute compels nothing.' *Yee Hem* v. *United States,* 268 U. S. 178 (45 Sup. Ct. 470).

"In that case the court quoted the following from *Mobile, J. & K. C. R. Co.* v. *Turnipseed,* 219 U. S. 35 (31 Sup. Ct. 136, 32 L. R. A. [N. S.] 226, Ann. Cas. 1912A, 463):

" 'That a legislative presumption of one fact from evidence of another may not constitute a denial of due process of law or a denial of the equal protection of the law it is only essential that there shall be some rational connection between the fact proved and the ultimate fact presumed, and that the inference of one fact from proof of another shall not be so unreasonable as to be a purely arbitrary mandate. So, also, it must not, under guise of regulating the presentation of evidence, operate to preclude the party from the right to present his defense to the main fact thus presumed.' "

In *Luria* v. *United States,* 231 U. S. 9, 25 (34 Sup. Ct. 10), it was said:

"The controlling rule respecting the power of the legislature in establishing such presumptions is comprehensively stated in *Mobile, J. & K. C. R. Co.* v. *Turnipseed,* 219 U. S. 35, 42, 43 (31 Sup. Ct. 136, 32 L. R. A. [N. S.] 226, Ann. Cas. 1912A, 463), as follows:

" 'Legislation providing that proof of one fact shall constitute *prima facie* evidence of the main fact in issue, is but to enact a rule of evidence, and quite within the general power of government. Statutes, national and State, dealing with such methods of proof in both civil and criminal cases abound, and the decisions upholding them are numerous. * * *

" 'That a legislative presumption of one fact from evidence of another may not constitute a denial of due process of law or a denial of the equal protection of the law it is only essential that there shall be some rational connection between the fact proved and the ultimate fact presumed, and that the inference of one fact from proof of another shall not be so unreasonable as to be a purely arbitrary mandate. So, also, it must not, under guise of regulating the presentation of evidence, operate to preclude the party from the right to present his defense to the main fact thus presumed.

" 'If a legislative provision not unreasonable in itself prescribing a rule of evidence, in either criminal or civil cases, does not

shut out from the party affected a reasonable opportunity to submit
to the jury in his defense all of the facts bearing upon the issue,
there is no ground for holding that due process of law has been
denied him.' "

In *People* v. *Licavoli, supra,* Mr. Justice NORTH,
in discussing presumptions in criminal cases, said:

"It must be conceded that if the statute 'pre-
scribes a rule of conclusive evidence' in criminal
cases, it is invalid. * * * If the words *'prima
facie* evidence,' as used in the statutory provision
involved in the instant prosecution were to be so
construed, I would be disposed to agree that it vio-
lated defendants' constitutional right to a trial by
jury, and that they were thus deprived of liberty
without due process of law.

"But there is much respectable authority holding
that, as used in this statute, *'prima facie* evidence'
means no more than that the evidence is competent;
and, as pointed out in some decisions, it neither com-
pels the defendant to take the witness stand nor to
produce rebutting testimony. Instead, he may al-
ways present to the jury his contention that his guilt
is not by such *'prima facie* evidence' established be-
yond a reasonable doubt.

" 'Construing section 7614, Rev. Codes 1899, which makes the
fact that one has or keeps posted in or about his place of business
a United States revenue receipt or license for the sale of distilled
malt or fermented liquors *prima facie* evidence that he is selling
and keeping for sale intoxicating liquor contrary to law, it is held,
*that by prima facie evidence is meant competent evidence,* and evi-
dence which is legally sufficient to justify the jury in finding the fact
of unlawful sales, *provided it satisfies them beyond a reasonable
doubt, but not otherwise.' State* v. *Momberg* (syllabus), 14 N. D.
291 (103 N. W. 566).

" 'Where a statute, such as section 3, chap. 15, of the 1911
Session Laws (1911 Sess. Laws, p. 32), provides that when the
possession of intoxicating liquors is shown, such fact is *"prima
facie* evidence that such intoxicating liquors are kept for sale,"* the
statute means that such *prima facie* presumption or *prima facie*
evidence is sufficient to go to the jury to prove such facts, and that
such possession will be sufficient to support a verdict on that par-
ticular fact; but it does not mean that such evidence is conclusive
and binding upon the jury, and that it is their duty to bring in a
verdict against the defendant where such a *prima facie* case only

is made, and it is error to instruct a jury that under such circumstances they should bring in a verdict of guilty.' *State* v. *Adams* (syllabus), 22 Idaho, 485 (126 Pac. 401).

" 'The provision of the local option law of 1907 (Laws of 1907, p. 297), making the United States internal revenue stamp or receipt *prima facie* evidence of a sale of intoxicating liquor, by the person to whom it is issued, at his place of business where the stamp or receipt is posted, merely establishes a rule of evidence, and does not change the fundamental rule as to the burden of proof and *quantum* of evidence necessary to a conviction in a criminal case.' *People* v. *McBride* (syllabus), 234 Ill. 146 (84 N. E. 865, 123 Am. St. Rep. 82, 14 Ann. Cas. 994).

" 'We have many similar statutes, in some of which the words used are "*prima facie* evidence." and in others the words are "presumptive evidence." We cannot doubt that these phrases are intended to convey the same idea. * * * They mean that such evidence is competent and sufficient to justify a jury in finding a defendant guilty, provided it does, in fact, satisfy them of his guilt beyond a reasonable doubt, and not otherwise. It would not be just to the members of the legislature to suppose that, by any of these enactments, they intended to make it obligatory upon the jury to find a defendant guilty, whether they believe him to be so or not. It is a well-settled rule of construction that, if a statute is susceptible of two interpretations, and one of the interpretations will render the statute unconstitutional and the other will not, the latter should be adopted.' *State* v. *Intoxicating Liquors,* 80 Me. 57, 61 (12 Atl. 794).''

In ordinances or statutes providing that proof of one fact shall be *prima facie* evidence of the main fact in issue, it is necessary that there be a rational connection between what is proved and what is to be inferred.

"The general power of the legislature to prescribe rules of evidence and methods of proof is undoubted. While the power has its constitutional limitations, it is not easy to define precisely what they are. A law which would practically shut out the evidence of a party and thus deny him the opportunity for a trial would substantially deprive him of due process of law. It would not be possible to uphold a law which made an act *prima facie* evidence of crime over which the party charged had no control and with which he had no connection, or which made that *prima facie* evidence of crime which had no relation to a criminal act and no tendency whatever

by itself to prove a criminal act. But so long as the legislature, in prescribing rules of evidence, in either civil or criminal cases, leaves a party a fair opportunity to make his defense and to submit all the facts to the jury to be weighed by them, upon evidence legitimately bearing upon them, it is difficult to perceive how its acts can be assailed upon constitutional grounds." *Board of Commissioners of Excise of the City of Auburn* v. *Merchant,* 103 N. Y. 143, (8 N. E. 484, 57 Am. Rep. 705).

"State legislation declaring that proof of one fact or a group of facts shall constitute *prima facie* evidence of the main or ultimate fact in issue is valid if there is a rational connection between what is proved and what is to be inferred. If the presumption is not unreasonable and is not made conclusive of the rights of the person against whom raised, it does not constitute a denial of due process of law." *Manley* v. *Georgia,* 279 U. S. 1 (49 Sup. Ct. 215).

In the instant case there is a rational connection between the ownership of an automobile, together with the license granted by the State to operate such vehicle upon the public highway, and the actual use of the highways by such owner in the operation and parking of his automobile thereon. The automobile could not be operated upon the public streets unless the owner were licensed by the State and also exhibited registration plates attached to his automobile. In the great majority of cases, the owners of automobiles operate them and park them on the public streets. A reasonable assumption may be made that the person who owns an automobile, operates and parks it. Of course, this is not a conclusive presumption; but in the great majority of cases, such is the fact. The provisions of the ordinance, therefore, that the owner of a motor vehicle is presumed to be *prima facie* the person who op-

erates it and parks it in the public highway is not unreasonable; and in this case, such provisions creating a *prima facie* presumption that defendant owner was the person who parked the motor vehicle at the point where the violation of the ordinance occurred, did not constitute a denial to him of due process of law.

The ordinance in question did not infringe upon the provisions of the Constitution. The trial court was in error in dismissing the complaint. The order of dismissal is reversed, and a writ of mandamus granted.

It being apparent from the record that the proceedings were in the nature of a test case involving a public question, no costs are allowed.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, and NORTH, JJ., concurred. BUTZEL, J., took no part in this decision.