PEOPLE v BANKSTON

1. CRIMINAL LAW—PRESUMPTIONS—STATUTES—PISTOLS—ALTERED SE-
   RIAL NUMBER—RIGHT AGAINST SELF-INCRIMINATION.

   The statutory presumption that the possessor of a pistol upon
   which the serial number shall have been altered, removed or
   obliterated is the person who altered, removed or obliterated
   the numbers does not infringe upon a defendant's right against
   self-incrimination (MCLA 750.230; MSA 28.427).

2. CONSTITUTIONAL LAW—DUE PROCESS—CRIMINAL LAW—PRESUMP-
   TIONS—STATUTES—PISTOLS—ALTERED SERIAL NUMBER—FACT
   PRESUMED—RATIONAL BASIS.

   There must be a rational basis between a fact proven and an
   ultimate fact presumed before a statutory presumption can
   pass constitutional muster; therefore, the statutory presump-
   tion that a person in possession of a pistol with an altered,
   removed or obliterated serial number is the person who altered,
   removed or obliterated the number is violative of the due
   process clauses of the Federal and state constitutions because
   there is no rational basis between the fact proven, possession of
   a pistol with an altered serial number, and the ultimate fact
   presumed, that the alteration was done by the possessor (US
   Const, Am XIV, Const 1963, art 1, § 17, MCLA 750.230; MSA
   28.427).

**Appeal from St. Clair, Ernest F. Oppliger, J.
Submitted June 23, 1977, at Detroit. (Docket No.
23415.) Decided October 10, 1977.**

Archibal Bankston was convicted of alteration of
a pistol, armed robbery, and felonious assault.
Defendant appeals. Conviction for alteration of a

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 349 et seq.
   29 Am Jur 2d, Evidence §§ 162, 163, 165.
[2] 29 Am Jur 2d, Evidence §§ 162, 163, 165.

pistol reversed; convictions for armed robbery and felonious assault affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*Neal Bush,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. C. RILEY, P. J., and BASHARA and P. R. MAHINSKE,* JJ.

P. R. MAHINSKE, J. Defendant, convicted of alteration of a pistol in violation of MCLA 750.230; MSA 28.427, appeals claiming that he could not constitutionally be presumed to have altered the serial number of a gun merely because the gun was found in his possession. For the reasons outlined below, we agree. The remaining issues presented by defendant, dealing with his convictions for armed robbery, MCLA 750.529; MSA 28.797, and felonious assault, MCLA 750.82; MSA 28.277, are without merit and do not require discussion.

Defendant Bankston was apprehended by police who traced the path of his flight from the scene of a K-Mart robbery to a nearby house. Defendant was discovered hiding in a bedroom closet. A search of the closet revealed a blue steel snubnosed revolver in the bottom of a garment bag. The serial number on this gun had been removed or obliterated.

The statute under which defendant was con-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

victed, MCLA 750.230; MSA 28.427,[1] provided at the time of defendant's trial:

"Any person who shall wilfully alter, remove or obliterate the name of the maker, model, manufacturer's number or other mark of identity of any pistol, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 2 years or fine of not more than 1,000 dollars. *Possession of any such firearm upon which the number shall have been altered, removed or obliterated, shall be presumptive evidence that such possessor has altered, removed or obliterated the same.*" (Emphasis added.)

In the case at bar there was no evidence introduced to show that defendant was the person who altered the serial number of the revolver found in the garment bag. Defendant's conviction was thus based upon the statutory presumption of MCLA 750.230. Defendant argues that this presumption is violative of both the privilege against self-incrimination, US Const, Ams V and XIV; Const 1963, art 1, § 17, and the due process clause, US Const, Am XIV; Const 1963, art 1, § 17.

We do not agree that the presumption in question infringes upon defendant's right against self-incrimination. See *Barnes v United States,* 412 US 837, 846–847; 93 S Ct 2357; 37 L Ed 2d 380 (1973), *Yee Hem v United States,* 268 US 178, 185; 45 S Ct 470; 69 L Ed 904 (1925), *People v Kayne,* 286 Mich 571, 578; 282 NW 248 (1938), *People v Gallagher,* 68 Mich App 63, 73; 241 NW2d 759 (1976), *lv grtd,* 399 Mich 827 (1977).

However, we do agree with defendant that the presumption of MCLA 750.230, is violative of the

---

[1] Amended by 1976 PA 32. The amended version differs from its predecessor in no respect material to this appeal. Our conclusions apply equally to the presumption contained in the last sentence of 1976 PA, 32, the present MCLA 750.230; MSA 28.427.

due process clauses of the Federal and state constitutions. We note that another panel of this Court has also struck down this presumption on due process grounds. See *People v Moore,* 78 Mich App 150; 259 NW2d 403 (1977). There is no rational connection between the fact proven (possession of a pistol with an altered serial number) and the ultimate fact presumed (alteration was done by the possessor), a requirement which must be satisfied before a statutory presumption can pass constitutional muster. *Barnes v United States, supra,* at 841–842, *United States v Romano,* 382 US 136, 139; 86 S Ct 279; 15 L Ed 2d 210 (1965), *People v Kayne, supra,* at 583, *People v Serra,* 55 Mich App 514, 527–528; 223 NW2d 28 (1974).

The presumption at issue here is arbitrary and irrational. In accord with common experience there are numerous ways in which a person may come into possession of a gun which has already been altered. One may unwittingly find, buy, or borrow such a weapon. The Legislature has not chosen to make knowing *possession* a crime; it is *alteration* which is forbidden. But it is no more reasonable to suppose that the possessor altered the gun than it is to suppose that the possessor merely acquired a gun which had been altered previously by someone else.

Accordingly, we hold that the last sentence of MCLA 750.230, which allows a presumption of alteration to be drawn from the fact of possession, is unconstitutional as violative of the due process clauses of the Michigan and United States Constitutions.

Defendant's conviction for alteration of a pistol is reversed. The convictions for felonious assault and armed robbery are affirmed.