PEOPLE v GALLAGHER

Docket No. 58506. Argued November 1, 1977 (Calendar No. 5).—
Decided January 3, 1979.

Raymond Gallagher, who was in the business of salvaging and
rebuilding automobiles, was convicted by a jury in Wayne
Circuit Court, George Wicklund, J., of receiving and concealing
stolen property, an automobile he was towing from which the
vehicle identification number had been removed. The Court of
Appeals, McGregor, P.J., and Allen, J. (Bashara, J., concurring
specially), affirmed (Docket No. 22006). Gallagher challenges
the constitutionality of the statutory "altered serial number"
presumption, which provides that a dealer in or collector of
personal property who receives property with an altered or
obliterated identifying number is presumed to have received
the property knowing it to have been stolen. While released
from prison on appeal bond in this case, the defendant was
incarcerated in the Detroit House of Correction on a sentence
in an unrelated state case and in Federal prison for income tax
violations. The trial court ordered that he receive credit for the
time served on the unrelated state case but denied credit for
the time served on the Federal conviction. Defendant appeals.
*Held:*

1. The statutory presumption does not violate the defendant's
privilege against self-incrimination. Under the statute, knowl-
edge that the property is stolen is inferred from evidence that

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4, 12] 66 Am Jur 2d, Receiving and Transporting Stolen
Property §§ 9, 25, 26, 28.
[3] 29 Am Jur 2d, Evidence §§ 10, 12.
[5] 5 Am Jur 2d, Appeal and Error § 811.
[6] 75 Am Jur 2d, Trial §§ 758, 760.
[7] 75 Am Jur 2d, Trial §§ 754, 758, 759, 764.
[8] 21 Am Jur 2d, Criminal Law § 547.
  Sentences by different courts as concurrent. 57 ALR2d 1410.
[9] 21 Am Jur 2d, Criminal Law § 545.
[10] 29 Am Jur 2d, Evidence §§ 161, 162.
[11] 29 Am Jur 2d, Evidence §§ 10, 11.
[13, 14] 7 Am Jur 2d, Automobiles and Highway Traffic § 308.

identifying numbers on the property were altered or removed. The effect of the presumption on the defendant's privilege is like the effect of the introduction of direct evidence which establishes a prima facie case for the people. Introduction of evidence or a statutory presumption which tends to implicate a defendant increases the pressure on him to testify, but that pressure does not violate the privilege against self-incrimination. The Court disapproves a distinction between "state of mind" presumptions and other presumptions for the reasons expressed by the Court of Appeals in its opinion.

2. The statutory presumption does not violate the presumption of innocence or the requirement that the defendant be proven guilty beyond a reasonable doubt. These principles do not prohibit the use of statutory rules of evidence which place upon a defendant the burden of going forward with the evidence after the "prima facie evidence" is introduced. The presumption of innocence may be overcome by the additional weight of a countervailing legislative presumption as well as by direct proof alone.

3. There is a rational connection between the proven facts and the fact presumed under the statute. Common experience tells one that a dealer who receives a car with an altered or obliterated identifying number is likely to know that the car was stolen. The presumption thus meets the due process test; it can be said with substantial assurance that the presumed fact is more likely than not to flow from the proven fact.

4. It is reversible error for a judge to instruct that an essential element of the crime exists as a matter of law. The jury should be instructed that it *may,* but need not, infer the existence of the presumed fact from the proven fact. In this case the judge did not commit reversible error by reading the statute, including the presumption, to the jury because he subsequently instructed the jury at length on the prosecutor's burden of proof, the presumption of innocence, and proof beyond a reasonable doubt. He also instructed the jury that circumstances are never presumed and that the prosecutor must prove every link making up the chain of circumstances beyond a reasonable doubt.

5. A sentence may not be imposed to commence at the completion of another sentence in the absence of statutory authority. A defendant who is sentenced in a state court after receiving sentence in a Federal court is subject to the same uncertainty about when the state sentence begins as he is in the case of two or more state sentences. Any difference in the order of sentencing is not controlling where the actual impris-

onment for the Federal conviction began before the imprisonment on the state conviction. The defendant's sentence is amended to give credit for time served on the Federal conviction.

Affirmed as modified.

Justice Levin, with whom Chief Justice Kavanagh concurred, would hold that the people have failed to prove that the statutory presumption is constitutional as applied to this defendant.

1. A criminal statutory presumption must be regarded as irrational or arbitrary, and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend. An appellate court may not simply accept on faith a legislative assertion that proved and presumed facts are related; rather, it must satisfy itself, with facts developed through judicial notice if necessary, of a presumption's empirical validity. In this case no data was presented in support of the presumption. The inference made under the statute is not rooted in the common law and the rationale for it has not been developed in case law.

2. The statutory presumption applies without differentiation with regard to the nature of the article, whether a fine porcelain, office or sporting equipment, or an automobile. It also applies without regard to whether the article has an identifying number in more than one place and less than all of the identifying numbers have been altered or obliterated. The reasonableness of the presumption may vary depending on the nature of the article and of the "dealer's business", the nature of the alteration, and whether there are identifying numbers remaining unaltered. Moreover, there was no alteration or obliteration of an identifying number. Rather, whole sections of the automobile, including one section of which a minute part was an identifying number, had been removed. There were, on other parts of the automobile, identifying numbers that had not been removed or defaced.

3. The presumption applies to dealers or collectors. Just as there are collectors of fine and decorative arts and memorabilia, there are collectors of automobiles. There was no evidence that Gallagher maintained a "collection" of automobiles. Nor was he a dealer, a person who buys property and ordinarily sells it without substantial alteration. Although it is assumed that Gallagher was a dealer and that there was an alteration or obliteration because the applicability of the presumption is not an issue in the appeal, the nature of the defendant's

business of salvaging and rebuilding automobiles must be considered in deciding the reasonableness of the presumption as applied to him.

4. The offense is receiving or concealing stolen property. An element of that offense is knowledge that the property was stolen. The inferences made from the possession of property with altered or obliterated identifying numbers are 1) that the dealer or collector knew that the identifying numbers had been altered or obliterated, and 2) that he knew that the property had been stolen. Another statute provides that one who buys or sells vehicles must be licensed by the Secretary of State, and is required to keep records with descriptions of the goods purchased or sold, including identification numbers, and a statement if the numbers have been obliterated, defaced, or changed. Therefore, at least as to those in the business of buying or selling vehicles, an inference of knowledge that a number was missing (whether or not "altered or obliterated") is reasonable. But there is no empirical support for the further inference that a person who buys parts or less than the whole of vehicles knows, because of the absence of one or more identifying numbers from or on parts of the vehicle not in his possession, that the parts in his possession were taken from a stolen vehicle. There is no empirical evidence regarding a "dealer" such as the defendant who buys parts or less than the whole of automobiles or wrecked automobiles and rebuilds them, and whether it is reasonable to infer from possession of less than an entire automobile that the parts in his possession are stolen because a part of the automobile having an identifying number is missing although i) the parts in his possession have identifying numbers and ii) no identifying numbers have been removed from any of the parts in his possession. The information needed to determine whether this inference is reasonable is not within the specialized competence of the judiciary nor is it known from common experience. Until data is produced which supports the challenged presumption, it cannot be sustained.

68 Mich App 63; 241 NW2d 759 (1976) affirmed as modified.

*People v Serra,* 55 Mich App 514; 223 NW2d 28 (1974), overruled in part.

### Opinion of the Court

1. Receiving Stolen Goods — Knowledge — Presumptions —
   Altered Serial Number — Self-Incrimination.

The statutory presumption that a dealer in personal property is presumed to know that property received with an altered serial

number is stolen does not violate the defendant's privilege against self-incrimination (US Const, Am V; Const 1963, art 1, § 17; MCL 750.535[2]; MSA 28.803[2]).

2. RECEIVING STOLEN GOODS — KNOWLEDGE — PRESUMPTIONS — ALTERED SERIAL NUMBER — PRESUMPTION OF INNOCENCE — BURDEN OF PROOF.

   The statutory presumption that a dealer in personal property is presumed to know that property received with an altered serial number is stolen does not violate the presumption of innocence or the requirement that the defendant be proven guilty beyond a reasonable doubt.

3. CRIMINAL LAW — PRESUMPTION OF INNOCENCE — PROOFS — STATUTORY PRESUMPTIONS.

   The presumption of innocence may be overcome by the additional weight of a countervailing legislative presumption as well as by direct proof alone.

4. RECEIVING STOLEN GOODS — KNOWLEDGE — PRESUMPTIONS — ALTERED SERIAL NUMBER — DUE PROCESS.

   The statutory presumption that a dealer in personal property is presumed to know that property received with an altered serial number is stolen does not violate due process requirements because there is a rational connection between the proven facts and the fact presumed; common experience tells one that a dealer who receives a car with altered or obliterated identifying numbers is likely to know that the car was stolen (US Const, Am XIV; Const 1963, art 1, § 17; MCL 750.535[2]; MSA 28.803[2]).

5. CRIMINAL LAW — INSTRUCTIONS TO JURY — ELEMENTS OF CRIME.

   It is reversible error for a judge to instruct that an essential element of the crime exists as a matter of law.

6. CRIMINAL LAW — INSTRUCTIONS TO JURY — PRESUMPTION.

   A jury should be instructed that it may, but need not, infer the existence of a presumed fact from a proven fact (MRE 302[b]).

7. RECEIVING STOLEN GOODS — KNOWLEDGE — PRESUMPTIONS — ALTERED SERIAL NUMBER — INSTRUCTIONS TO JURY.

   Reading to the jury the statute which provides that a dealer in personal property is presumed to know that property received with an altered serial number is stolen does not constitute reversible error where the judge subsequently instructed the jury at length on the prosecutor's burden of proof, the presumption of innocence, the jury's duty to acquit if the elements

of the offense have not been proven beyond a reasonable doubt, and that circumstances are never presumed but must be proven beyond a reasonable doubt (MCL 750.535[2]; MSA 28.803[2]).

8. CRIMINAL LAW — CONCURRENT SENTENCES.

A sentence may not be imposed to commence at the completion of another sentence in the absence of statutory authority.

9. CRIMINAL LAW — CONCURRENT SENTENCES — FEDERAL CONVICTION.

A defendant is entitled to credit for time served on a Federal conviction where the actual imprisonment for the Federal conviction began before imprisonment on the state conviction while the defendant was released from prison on bond pending appeal of the state conviction.

DISSENTING OPINION BY LEVIN, J.

10. CRIMINAL LAW — PRESUMPTIONS — DUE PROCESS.

*A criminal statutory presumption must be regarded as irrational or arbitrary, and hence violative of due process, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend (US Const, Am XIV; Const 1963, art 1, § 17).*

11. CRIMINAL LAW — PRESUMPTIONS — DUE PROCESS — JUDICIAL NOTICE.

*An appellate court, in determining whether a criminal statutory presumption violates the Due Process Clause, may not simply accept on faith a legislative assertion that the proved and presumed facts are related; rather it must satisfy itself, with facts developed through judicial notice if necessary, of a presumption's empirical validity (US Const, Am XIV; Const 1963, art 1, § 17).*

12. RECEIVING STOLEN GOODS — KNOWLEDGE — PRESUMPTIONS — ALTERED SERIAL NUMBER — DUE PROCESS.

*The reasonableness under the Due Process Clause of the statutory presumption that a dealer in personal property is presumed to know that personal property received with an altered serial number is stolen may vary depending on the nature of the property and of the dealer's business, and of the alteration, and whether there are identifying numbers remaining unaltered (US Const, Am XIV; Const 1963, art 1, § 17; MCL 750.535[2]; MSA 28.803[2]).*

13. RECEIVING STOLEN GOODS — KNOWLEDGE — PRESUMPTIONS —
ALTERED SERIAL NUMBER — AUTOMOBILES — DUE PROCESS.

*A statutory inference of knowledge that the manufacturer's serial
number of a vehicle was missing (whether or not altered or
obliterated) is reasonable under the Due Process Clause at least
as to those in the business of buying or selling vehicles because
one who buys or sells vehicles is required by other statutes to
be licensed and to keep a recorded description of the vehicles
purchased or sold which must include certain statements con-
cerning the identifying numbers of the vehicle (US Const, Am
XIV; Const 1963, art 1, § 17; MCL 257.248, 257.251, 750.535[2];
MSA 9.1948, 9.1951, 28.803[2]).*

14. RECEIVING STOLEN GOODS — KNOWLEDGE — PRESUMPTIONS —
ALTERED SERIAL NUMBER — DUE PROCESS.

*There is no empirical evidence regarding whether it is reasonable
to infer from possession of less than an entire automobile by a
dealer who buys parts or less than the whole of automobiles or
wrecked automobiles and rebuilds them that the dealer knows,
because of the absence of one or more identifying numbers
from or on parts of the vehicle not in his possession, that the
parts in his possession were taken from a stolen vehicle; until
evidence is produced which supports the challenged presump-
tion as applied to such a dealer the presumption cannot be
sustained under the Due Process Clause (US Const, Am XIV;
Const 1963, art 1, § 17; MCL 750.535[2]; MSA 28.803[2]).*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Re-
search, Training & Appeals, and *Timothy A.
Baughman,* Assistant Prosecuting Attorney, for
the people.

*Faintuck, Shwedel, Roether, Wolfram, McDonald
& Zipser* for defendant.

PER CURIAM. The defendant challenges the con-
stitutionality of MCLA 750.535; MSA 28.803, on
the grounds that it violates the privilege against
self-incrimination, the presumption of innocence
and due process.

That statute makes receiving or concealing stolen property a crime and provides that:

"Any person being a dealer in or collector of any merchandise or personal property, or the agent, employee or representative of a dealer or collector who fails to make reasonable inquiry that the person selling or delivering any stolen, embezzled, or converted property to him has a legal right to do so *or who buys or receives any such property which has a registration, serial, or other identifying number altered or obliterated on any external surface thereof, shall be presumed to have bought or received such property knowing it to have been stolen, embezzled, or converted. This presumption may be rebutted by proof.*" MCLA 750.535(2); MSA 28.803(2). (Emphasis added.)

The defendant was in the business of salvaging and rebuilding automobiles. He was arrested for receiving or concealing stolen property after police observed that the vehicle identification number had been removed from the late model Cadillac he was towing. The defendant produced no proof of ownership or bill of sale. It was shown at trial that the Cadillac had been stolen approximately two weeks before his arrest. No witnesses were offered by the defense. The defendant was convicted by a jury of receiving or concealing stolen property and sentenced to one to five years imprisonment. The Court of Appeals affirmed the conviction. 68 Mich App 63; 241 NW2d 759 (1976).

We agree with the Court of Appeals conclusion that the statute does not violate the defendant's privilege against self-incrimination. Under the challenged provision, knowledge that the property was stolen is inferred from evidence that identifying numbers on the property were altered or removed. The situation is like the one in which the prosecutor produces direct evidence establishing a

prima facie case. The introduction of any evidence which tends to implicate the defendant increases the pressure on him to testify but this pressure does not violate his privilege against self-incrimination. *Barnes v United States,* 412 US 837; 93 S Ct 2357; 37 L Ed 2d 380 (1973); *People v Kayne,* 286 Mich 571; 282 NW 248 (1938); *Yee Hem v United States,* 268 US 178; 45 S Ct 470; 69 L Ed 904 (1925). We disapprove the distinction drawn in *People v Serra,* 55 Mich App 514; 223 NW2d 28 (1974), between "state of mind" presumptions and other presumptions for the reasons discussed by the Court of Appeals in this case. 68 Mich App 63, 67-73.

The statutory presumption does not violate the presumption of innocence or the requirement that the defendant be proven guilty beyond a reasonable doubt. These principles do not prohibit the use of statutory rules of evidence which place upon a defendant the burden of going forward with the evidence after the "prima facie evidence" is introduced. *People v Kayne, supra,* 578-579. The presumption of innocence may be overcome by the additional weight of a countervailing legislative presumption as well as by direct proof alone. *Yee Hem v United States, supra,* 184-185. The statute in *People v Licavoli,* 264 Mich 643; 250 NW 520 (1933), made proof of *reputation* for engaging in an illegal business prima facie evidence of being engaged in an illegal business. Although it was noted in that case that the statute deprived a defendant of the presumption of innocence, the statutory presumption was held to be irrational and arbitrary. *People v Licavoli, supra,* 645.

Here, there is a rational connection between the proven facts and the fact presumed. Common experience tells one that a dealer who receives a car

with altered or obliterated identifying numbers likely knows that the car was stolen. The presumption thus meets the due-process test as stated in *Tot v United States,* 319 US 463, 467-468; 63 S Ct 1241; 87 L Ed 1519 (1943):

"[A] statutory presumption cannot be sustained if there be no rational connection between the fact proved and the ultimate fact presumed, if the inference of the one from proof of the other is arbitrary because of lack of connection between the two in common experience."

As required by *Leary v United States,* 395 US 6, 36; 89 S Ct 1532; 23 L Ed 2d 57 (1969), it can be said with substantial assurance that the presumed fact is more likely than not to flow from the proven fact. The defendant urges adoption of a test requiring proof beyond reasonable doubt that the presumed fact follows from the proven fact. The United States Supreme Court has not yet addressed this issue and we decline to adopt the suggested standard.

A clearer instruction on the presumption than that provided by a reading of the statute should have been given. By itself, an instruction that one who received stolen property with altered identifying numbers is presumed to have known the property was stolen could lead a jury to conclude that an essential element of the crime had been proven as a matter of law. It is reversible error for a judge to instruct that an essential element of the crime exists as a matter of law. *People v Allensworth,* 401 Mich 67; 257 NW2d 81 (1977). The jury should be instructed that it may, but need not, infer the existence of the presumed fact from the proven fact. MRE 302(b). Here, the reading of the statute did not constitute reversible error because the judge subsequently instructed the jury at length

on the prosecutor's burden of proof, the presumption of innocence and the jury's duty to acquit if the elements of the offense had not been proven beyond a reasonable doubt. The jury was also instructed that:

"Circumstances are never presumed. Each thought making up the chain of circumstances must be proven beyond a reasonable doubt, and if the prosecution fails to prove any one link making up the chain of circumstances, the defendant must not be convicted".

The defendant's final claim is that he is entitled to credit for time served in Federal prison against his sentence in this case. He was sentenced to one to five years imprisonment for the conviction in this case on August 30, 1974 and was released after posting an appeal bond. While his appeal bond was in effect, he served from January 20, 1975 to June 4, 1975 in the Detroit House of Correction on a sentence imposed in an unrelated case and from June 25, 1975 to February 11, 1976 in Federal prison for Federal income tax violations. The defendant moved to amend the mittimus and the judge ordered that the defendant receive credit for time served on the other state conviction but denied credit for time served on the Federal conviction.

The rule in Michigan is that a sentence may not be imposed to commence at the completion of another sentence in the absence of statutory authority. *In re Carey,* 372 Mich 378; 126 NW2d 727 (1964). In that case, the defendant had been sentenced to 5 years imprisonment for a Federal offense four days before he was sentenced to serve 3 to 14 years on a state conviction. After noting that two *state* prison terms would run concurrently, it was held that the defendant should

receive credit for the time served in Federal prison:

"A defendant who is sentenced in a State court after receiving sentence in a Federal court is subject to the same 'undefined and uncertain contingencies' about when State sentence begins, as he is in the case of 2 or more State sentences. The reason for the rule aptly applies in both types of cases. Therefore, we hold that where a defendant has been sentenced in Federal court, and is subsequently sentenced in a State court or courts, sentence may not be imposed to commence at the completion or expiration of Federal sentence, in the absence of statutory authority." *In re Carey, supra,* 381.

The people contend that *Carey* is distinguishable because the sentencing for the Federal offense occurred before the state sentencing. Here, the defendant was sentenced on the Federal offense after the state sentencing.

We do not find these differences in the order of sentencing to be controlling when the actual imprisonment on the Federal conviction began before imprisonment on the state conviction. In such a case, a defendant is subject to the same uncertain contingencies about when the state sentence will begin. The defendant is entitled to credit for time served on the Federal conviction. Pursuant to GCR 1963, 865.1(7), the defendant's sentence is amended to grant him credit for the time served in Federal prison.

The defendant's conviction is affirmed.

WILLIAMS, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

LEVIN, J. *(dissenting).* Raymond Gallagher was convicted of receiving or concealing stolen prop-

erty.[1] The issue is the constitutionality of a presumption in the receiving or concealing stolen property statute that a dealer in personal property who buys property with an altered or obliterated identifying number on an external surface shall be presumed to have bought it knowing it to have been stolen.[2] We would hold that the people have failed to prove that the statutory presumption is constitutional as applied to Gallagher.

I

Gallagher was in the business of salvaging and rebuilding automobiles. He was towing a partially stripped 1972 Cadillac when stopped by police in June, 1973. The police said that the towed car attracted their attention because it was a late model vehicle missing a substantial number of parts. When asked to produce proof of ownership, Gallagher said that he had recently purchased the automobile and had no papers. The automobile had been stolen in May.

No witnesses were presented by the defense. The prosecutor argued that the presumption of guilty knowledge had not been rebutted. The judge's instructions to the jury included a reading of the statutory presumption.

II

The statute provides:

"Any person being a dealer in or collector of any merchandise or personal property, or the agent, employee, or representative of a dealer or collector who fails to make reasonable inquiry that the person selling

---

[1] MCL 750.535(1); MSA 28.803(1).

[2] MCL 750.535(2); MSA 28.803(2). See Part II for text.

or delivering any stolen, embezzled, or converted property to him has a legal right to do so or who buys or receives any such property which has a registration, serial, or other identifying number altered or obliterated on any external surface thereof, shall be presumed to have bought or received such property knowing it to have been stolen, embezzled, or converted. This presumption may be rebutted by proof." MCL 750.535(2); MSA 28.803(2).

Gallagher contends that the presumption violates the Due Process Clause because it cannot be said with substantial assurance that the presumed fact follows from the proved facts. The prosecutor responds that common experience tells one that a dealer who receives an automobile with an altered or obliterated identifying number is likely to know that the car was stolen. We disagree with his assertion that the information needed to make this determination can be culled from "common experience" and would hold that the prosecution failed in this case to demonstrate the reasonableness of the presumption.

The Supreme Court of the United States has held that a statutory presumption is violative of the Due Process Clause unless there is a rational connection between the fact proved and the fact presumed. *Tot v United States,* 319 US 463, 467-468; 63 S Ct 1241; 87 L Ed 1519 (1943). In *Leary v United States,* 395 US 6, 36, 37-38; 89 S Ct 1532; 23 L Ed 2d 57 (1969), the Court declared

"that a criminal statutory presumption must be regarded as 'irrational' or 'arbitrary,' and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend."

The statutory presumption in that case authorized
a jury to infer from possession of marijuana that
the possessor knew the substance had been ille-
gally imported. The Court said:

"In order thus to determine the constitutionality of
the 'knowledge' inference, one must have direct or
circumstantial data regarding the beliefs of marihuana
users generally about the source of the drug they
consume. Such information plainly is 'not within spe-
cialized judicial competence or completely common-
place,' * * * . Indeed, the presumption apparently was
enacted to relieve the Government of the burden of
having to adduce such evidence at every trial, and none
was introduced by the prosecution at petitioner's trial.
Since the determination of the presumption's constitu-
tionality is 'highly empirical,' * * * it follows that we
must canvass the available, pertinent data."

The Court reviewed data on the percentage of
domestically consumed marijuana of foreign origin
and concluded that since a significant percentage
of marijuana was grown in this country it would
be no more than speculation to say that a majority
of possessors knew the source of their marijuana.

In *Turner v United States,* 396 US 398; 90 S Ct
642; 24 L Ed 2d 610 (1970), the Court again em-
ployed an empirical approach in deciding whether
there is a rational connection between possession
of heroin or cocaine and knowledge that the nar-
cotic was illegally imported.[3]

The United States Court of Appeals for the
Sixth Circuit has relied on data from Congressio-

_____

[3] *Cf. Yee Hem v United States,* 268 US 178; 45 S Ct 470; 69 L Ed
904 (1925), in which the Court simply asserted that legitimate posses-
sion of opium was highly improbable in upholding a statutory pre-
sumption of knowledge of illegal importation from possession of
opium.

nal hearings in upholding a statutory gambling presumption.[4]

The United States Court of Appeals for the Second Circuit struck down the rebuttable presumption that a victim is deemed to have been transported in interstate or foreign commerce if not released within 24 hours in kidnapping cases, noting that there was virtually no empirical data supporting the presumption and that it was not enacted to "confirm what folklore teaches" or to codify what is known from "common experience".[5] That court's interpretation, in another case, of *Leary* is illuminating:

"The clear implication was that appellate courts may not simply accept on faith a legislative assertion that proved and presumed facts are related; rather, it must satisfy itself, with facts developed through judicial notice if necessary [citation omitted], of a presumption's empirical validity."[6]

In the instant case no data was presented in support of the presumption. The inference made under the statute is not rooted in the common law and the rationale for it has not been developed in case law.[7]

---

[4] 18 USC 1955(c) provides that for the purpose of securing warrants, probable cause that a gambling business receives gross revenue in excess of $2000 in any single day is deemed established if five or more persons conduct the business and it operates for two or more successive days. See *United States v Palmer,* 465 F2d 697, 699 (CA 6, 1972); *United States v Dimario,* 473 F2d 1046, 1047 (CA 6, 1973).

[5] *United States v Moore,* 571 F2d 76 (CA 2, 1978).

[6] *Allen v Ulster County Court,* 568 F2d 998, 1006 (CA 2, 1977).

[7] A statutory presumption which made possession of a vehicle with removed or mutilated engine numbers prima facie evidence of knowledge that the vehicle was stolen was upheld against a due process challenge in *Mantell v Jones,* 150 Neb 785; 36 NW2d 115 (1949). The case preceded *Leary v United States,* 395 US 6; 89 S Ct 1532; 23 L Ed 2d 57 (1969), however, and the court's discussion of the issue was conclusory.

## III

The presumption applies without differentiation in regard to the nature of the article, whether fine porcelain, office or sporting equipment, or an automobile. It also applies without regard to whether the article has an identifying number in more than one place and less than all the identifying numbers have been altered or obliterated. Nevertheless, the reasonableness of the presumption may vary depending on the nature of the article and of the "dealer's business", and of the alteration, and whether there are identifying numbers remaining unaltered.

The presumption applies only to "dealers" or "collectors", but the statute does not define those terms. Just as there are collectors of fine and decorative arts and memorabilia, there are, indeed, "collectors" of automobiles. There was no evidence, however, that Gallagher maintained a "collection" of automobiles. Nor was he a "dealer", a person who buys property and ordinarily sells it without substantial alteration.[8]

Moreover, there was no "alteration" or "obliteration" of an identifying number. Rather, whole sections of the automobile, including one section of which a minute part was an identifying number, had been removed. The rear deck lid, doors, front fenders, hood, grille, radiator, and the entire upper dashboard assembly were missing. A police officer testified that "the complete interior" and "the whole front of the car with the exception of the engine was missing", "the entire upper dash assembly was removed which contained the VIN or identification plate". There were, on other parts of the automobile, identifying numbers that had not been removed or defaced.

[8] See 25A CJS, Dealer, p 535.

We nevertheless address this case on the assumption that Gallagher was a dealer and that there was an alteration or obliteration because whether the presumption applies at all on the facts of this case is not an issue in this appeal. We have adverted to those aspects of the case because, while Gallagher's conviction cannot be reversed on the ground that the presumption was improperly invoked, the nature of his business must be considered in deciding the issue that is before us concerning the reasonableness of the presumption and, hence, its constitutionality as applied to Gallagher.[9]

## IV

The offense is receiving or concealing stolen property. An element of that offense is knowledge that the property was stolen. The inferences made from the possession of property with altered or obliterated identifying numbers are 1) that the dealer or collector knew that the identifying numbers had been altered or obliterated, and 2) that he knew that the property had been stolen.

We take judicial notice of a statute providing that one who buys or sells vehicles must be licensed by the Secretary of State,[10] and is required to keep records which include descriptions of the goods purchased or sold. That recorded description must include

"the engine number, if any, the manufacturer's number, if any, vehicle number, if any, chassis number, if any, and such other numbers or identification marks as may be thereon, and shall also include a statement that

[9] See *Allen v Ulster County Court, supra,* p 1002.
[10] MCL 257.248; MSA 9.1948.

a number has been obliterated, defaced or changed, if such is the fact."[11]

At least as to those in the business of buying or selling vehicles, an inference of knowledge that a number was missing (whether or not "altered or obliterated") is reasonable. The statute does not, however, appear to apply to a person such as Gallagher engaged in the rebuilding of vehicles, one who buys parts or less than the whole of a vehicle and sells vehicles.

Be that as it may, there is no empirical support for the further inference that a person who buys parts or less than the whole of vehicles knows, because of the absence of one or more identifying numbers from or on parts of the vehicle not in his possession, that the parts in his possession were taken from a stolen vehicle. Carried to its logical conclusion any "dealer" in any portion of a used automobile, however small, even hubcaps, is in possession of property from which an identifying number has been altered or obliterated and is subject to conviction unless he sustains the burden of rebutting the presumption that it was part of a stolen automobile.

There is no empirical evidence regarding a "dealer" such as Gallagher who buys parts or less than the whole of automobiles or wrecked automobiles and rebuilds them, and whether it is reasonable to infer from possession of less than an entire automobile that the parts in his possession are stolen because a part of the automobile having an identifying number is missing although i) the parts in his possession have identifying numbers and ii) no identifying numbers have been removed from any of the parts in his possession. The information

[11] MCL 257.251; MSA 9.1951.

needed to make this determination is not within the specialized competence of the judiciary nor is it known from common experience. Until data is produced which supports the challenged presumption, it cannot be sustained.

We would reverse the defendant's conviction and remand for a new trial.

Kavanagh, C.J., concurred with Levin, J.