PEOPLE v SAWYER

Docket No. 64464. Decided March 10, 1981. On request by the defendant for review of the record the Supreme Court, after response by the prosecutor to an order to show cause why the defendant should not be resentenced, in lieu of granting leave to appeal, modified the judgment of the Court of Appeals and remanded the matter for resentencing. Rehearing denied 411 Mich 1119.

Ralph E. Sawyer was convicted, on his plea of guilty in Recorder's Court of Detroit, Benjamin C. Stanczyk, J., of two counts of armed robbery and two counts of possession of a firearm in the commission of a felony. The charges arose from two separate events but the defendant pled guilty to the four charges in a single proceeding; the trial court sentenced the defendant to prison for armed robbery, and also imposed a two-year term of imprisonment for the felony-firearm offense which occurred first and a five-year term of imprisonment for the felony-firearm offense which occurred second. He directed that the two terms imposed for felony-firearm be served consecutively; the defendant was thus obliged to serve a seven-year term of imprisonment for felony-firearm before beginning his term of imprisonment for the second armed robbery conviction. The Court of Appeals, Bashara, P.J., and J. H. Gillis and Van Valkenberg, JJ., affirmed (Docket No. 78-4014). Defendant requests review of the record. In a per curiam opinion signed by Justices Williams, Levin, Ryan, and Moody, the Supreme Court *held:*

Multiple terms of imprisonment for felony-firearm must be served concurrently, notwithstanding the fact that each term for felony-firearm is to be served consecutively with and preceding any term for the commission of the felony. A five-year term for a second offense of felony-firearm cannot be imposed unless the second offense is committed subsequent to the first conviction.

1. Absent statutory authority for imposing a consecutive sentence, the rule is to impose concurrent sentences. The Legislature has directed only that the sentence for possession of a firearm in the commission of a felony be served prior to and consecutively with any term of imprisonment imposed for the

felony. The statute neither compels nor authorizes a trial judge to impose consecutive multiple sentences for felony-firearm. Therefore, the trial judge erred in directing that the defendant's two sentences for felony-firearm be served consecutively.

2. The defendant pled guilty to two counts of felony-firearm at a single plea proceeding but the offense which occurred second was treated as a second offense for sentencing. The purposes served when the Legislature provides increasing punishment for repeat offenders include deterrence and the proper desire of society to provide more severe punishment for persons who decline to change their ways following an opportunity to reform. These purposes are not served by imposing a more severe sentence on the day when a defendant first pleads guilty; accordingly, the Legislature must have intended that a five-year term of imprisonment for a second conviction of felony-firearm should only be imposed where the second offense is subsequent to the first conviction.

3. The result in this case is consistent with the Federal rule that ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity. In the context of sentencing, the policy of lenity means that the Federal courts will not interpret a Federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended.

The judgment of the Court of Appeals is modified and the case is remanded to Recorder's Court of Detroit for resentencing.

Chief Justice Coleman, joined by Justice Fitzgerald, dissented. It is beyond the concept of lenity to hold that two felonies, committed separately, each with the use of a gun, should be treated as one because the plea bargaining for both took place at one hearing. If there had been separate plea hearings, there would be no question that the felony-firearm statute would have applied consecutively, and the armed robbery counts would have run concurrently.

Justice Kavanagh also dissented. He would affirm the judgment of the Court of Appeals. While he is sympathetic to the effort to read sense into the statute, he feels constrained to enforce it as the Legislature wrote it.

94 Mich App 393; 288 NW2d 438 (1978) affirmed as modified.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

Ralph E. Sawyer, *in propria persona.*

PER CURIAM. Pursuant to Administrative Order 1977-4, 400 Mich lxvii (1977), defendant has requested that this Court review his convictions. This case presents two sentencing questions arising under Michigan's felony-firearm statute, MCL 750.227b; MSA 28.424(2). We hold that multiple terms of imprisonment for felony-firearm must be served concurrently, notwithstanding the fact that each term of imprisonment for felony-firearm is to be served consecutively with and preceding any term of imprisonment imposed for the commission of the felony. We further hold that a five-year term of imprisonment for a second offense of felony-firearm cannot be imposed unless the second offense is committed subsequent to the first conviction.

I

On two separate occasions, defendant committed robbery while armed with a firearm. Separate prosecutions were thereafter undertaken and defendant was in each case charged with one count of armed robbery, MCL 750.529; MSA 28.797, and one count of felony-firearm, MCL 750.227b; MSA 28.424(2). At a single plea proceeding, defendant pled guilty to all four felony counts. Defendant had not previously been convicted of felony-firearm.

The trial judge thereafter sentenced the defendant to prison for armed robbery. He also sentenced the defendant to a two-year term of impris-

onment for the felony-firearm offense which oc-
curred first and to a five-year term of imprison-
ment for the felony-firearm offense which occurred
second. He properly directed that each term of
imprisonment for felony-firearm was to be served
consecutively with and preceding the accompany-
ing term of imprisonment imposed for armed rob-
bery. He properly directed that the two terms of
imprisonment for armed robbery be served with
one another. He further directed, however, that
the two terms of imprisonment imposed for felony-
firearm be served consecutively. Defendant was
thus obliged to serve a seven-year term of impris-
onment for felony-firearm prior to beginning his
term of imprisonment for the second armed rob-
bery conviction.[1] The Court of Appeals affirmed.

## II

Absent statutory authority for imposing a con-
secutive sentence, it is the rule in this state to
impose concurrent sentences, *People v Gallagher,*
404 Mich 429, 439; 273 NW2d 440 (1979). The
felony-firearm statute reads, in full, as follows:

"(1) A person who carries or has in his possession a
firearm at the time he commits or attempts to commit a
felony, except the violation of section 227 or section
227a, is guilty of a felony, and shall be imprisoned for 2
years. Upon a second conviction under this section, the
person shall be imprisoned for 5 years. Upon a third or
subsequent conviction under this section, the person
shall be imprisoned for 10 years.

"(2) The term of imprisonment prescribed by this
section shall be in addition to the sentence imposed for
the conviction of the felony or the attempt to commit
the felony, and shall be served *consecutively with and*

---

[1] The trial court did not specify which felony-firearm sentence was
to be served first.

preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony.

"(3) The term of imprisonment imposed under this section shall not be suspended. The person subject to the sentence mandated by this section shall not be eligible for parole or probation during the mandatory term imposed pursuant to subsection (1)."

A careful reading of subdivision (2) reveals that the Legislature has only directed that the sentence for felony-firearm be served prior to and consecutively with any term of imprisonment imposed for the felony. The statute neither compels nor authorizes a trial judge to impose consecutive multiple sentences for felony-firearm.[2] Thus we conclude that the trial judge erred in this case in directing that defendant's two sentences for felony-firearm be served consecutively.

### III

Defendant pled guilty to two counts of felony-firearm at a single plea proceeding. The offense which occurred second was treated as a second offense for sentencing purposes and the defendant received a five-year term of imprisonment therefor. The statute indicates that the five-year term is to be given to one who sustains "a second conviction under this section". It is by no means clear that the Legislature intended the result found in this case. There are a number of purposes served when the Legislature provides increasing punishment for repeat offenders. These include deterrence and the proper desire of society to provide

---

[2] We do not today consider the propriety of directing that multiple sentences for felony-firearm be served consecutively where such a judgment is imposed on a defendant whose actions permit consecutive sentencing under another theory.

more severe punishment for a person who declines to change his or her ways following an opportunity to reform. These purposes are not served by imposing a more severe sentence on the day when a defendant first pleads guilty, and we accordingly believe that the Legislature intended that a five-year term of imprisonment for a second conviction should only be imposed where the second offense is subsequent to the first conviction.

Furthermore, this position is consistent with the well settled "rule of lenity" that has been developed by the United States Supreme Court: "[A]mbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity". *Rewis v United States,* 401 US 808, 812; 91 S Ct 1056; 28 L Ed 2d 493 (1971). In the context of sentencing, "[t]his policy of lenity means that the Court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended". *Ladner v United States,* 358 US 169, 178; 79 S Ct 209; 3 L Ed 2d 199 (1958), quoted in *Whalen v United States,* 445 US 684, 695 fn 10; 100 S Ct 1432; 63 L Ed 2d 715 (1980).

Accordingly, the request filed by the defendant under Administrative Order 1977-4 is treated as an application for leave to appeal and, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we remand the case to the Recorder's Court of Detroit for resentencing in a manner consistent with this opinion. The judgment of the Court of Appeals is thus modified. Leave to appeal is otherwise denied.

WILLIAMS, LEVIN, RYAN, and BLAIR MOODY, JR., JJ., concurred.

COLEMAN, C.J. *(dissenting)*. It is beyond the concept of "lenity" to hold that two felonies committed separately, each with the use of a gun, should be treated as one under the "felony-firearm act" because the plea bargaining for both took place at one hearing. The judge made clear the requirements of the act for two gun counts and the defendant accepted them. If the judge had held separate plea hearings for each offense, there would be no question that the felony-firearm statute would have applied consecutively. The armed robbery counts would have run concurrently. The cliché "form over substance" assumes demonstrative meaning.

We would affirm.

FITZGERALD, J., concurred with COLEMAN, C.J.

KAVANAGH, J. *(dissenting)*. I would affirm the Court of Appeals.

I am sympathetic to the effort of my colleagues to read sense into this statute by giving it the construction they propose, but I feel constrained to enforce it as the Legislature wrote it.