PEOPLE v NELSON

Docket No. 61054. Submitted November 15, 1982, at Detroit.—Decided
   May 5, 1983. Leave to appeal denied, 418 Mich 869.

   Raymond C. Nelson was convicted, on his plea of guilty, of armed
   robbery, assault with intent to commit murder, and felony-
   firearm, Wayne Circuit Court, William Leo Cahalan, J. Defen-
   dant was sentenced to concurrent 8- to 15-year terms on the
   robbery and assault charges and to a consecutive two-year
   sentence for felony-firearm to be served concurrently with
   another felony-firearm sentence defendant was about to receive
   in another case before a different judge. Defendant appeals,
   alleging, *inter alia,* that his plea bargain was illusory with
   regard to the felony-firearm plea and that the court erred in
   failing to inform him that armed robbery carries a mandatory
   minimum prison sentence. *Held:*

   1. Defendant's plea bargain was not illusory. A later Su-
   preme Court decision regarding sentencing on second-offense
   felony-firearm convictions does not apply to invalidate the
   sentence imposed in this case.

   2. The defendant was sufficiently informed of the sentence
   consequences of his plea to armed robbery.

   Affirmed.

1. CRIMINAL LAW — PLEA BARGAINS — FELONY-FIREARM — SENTENC-
   ING.

   A plea bargain, in which the court agreed to impose a two-year
   sentence for felony-firearm to run concurrently with another
   felony-firearm sentence the defendant was about to receive in
   another case before a different judge, was not illusory where
   the sentence was imposed prior to a holding of the Supreme
   Court that a five-year sentence for a second felony-firearm

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 481, 552.
   Accused's right to sentencing by same judge who accepted guilty
   plea entered pursuant to plea bargaining. 3 ALR4th 118.
[2] 21 Am Jur 2d, Criminal Law § 476.
   67 Am Jur 2d, Robbery § 45.

conviction should be imposed only where the second offense is subsequent to the first conviction.

2. CRIMINAL LAW — GUILTY PLEAS — SENTENCING — ARMED ROBBERY.

A trial court complied with the requirement that a defendant pleading guilty to armed robbery must be informed that the offense carries a mandatory minimum prison sentence where the court stated that the defendant could be confined for any period of years up to life and that armed robbery is not a probationable offense (GCR 1963, 785.7[1][d]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Peter Jon Van Hoek),* for defendant on appeal.

Before: WAHLS, P.J., and M. J. KELLY and N. J. LAMBROSE,* JJ.

M. J. KELLY, J. Defendant pled guilty to armed. robbery, MCL 750.529; MSA 28.797, assault with intent to commit murder, MCL 750.83; MSA 28.278, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to two concurrent terms of from 8 to 15 years on the robbery and assault charges and to a consecutive term of two years on the felony-firearm charge. He appeals as of right.

Defendant's plea was in exchange for a sentence bargain in which the prosecutor recommended that the court limit its sentencing options in several respects. The court was to order defendant's

---

* Circuit judge, sitting on the Court of Appeals by assignment.

two-year sentence for felony-firearm to run concurrently with another felony-firearm sentence defendant was about to receive in another case before a different judge. The court agreed to limit the exercise of its discretion to sentence defendant on the remaining two charges to not longer than from 10 to 15 years. Defendant now argues that the bargain was illusory as to the felony-firearm plea because of the Supreme Court's recent decision in *People v Sawyer,* 410 Mich 531; 302 NW2d 534 (1981).

*People v Sawyer* involved a case where the defendant had committed the combined offenses of armed robbery and felony-firearm on two separate occasions. He pled guilty to all four felony counts at one proceeding. The Supreme Court held that:

I. Defendant could not receive a five-year term for the second felony-firearm offense because "a five-year term of imprisonment for a second conviction should only be imposed where the second offense is subsequent to the first conviction". 410 Mich 536.

II. The trial judge erred in directing defendant's two felony-firearm sentences to be served consecutively to each other.

The *Sawyer* decision was rendered March 10, 1981, while the defendant in the instant case tendered his plea on February 20, 1981. Since the *Sawyer* case had not been decided at the time of defendant's sentence bargain, the defendant's sentence agreement was in no part "illusory". The plea-taking court limited the exercise of its discretion in sentencing defendant.

In addition, we make no decision on whether the rule in *Sawyer* would be applicable to the instant fact situation if it had arisen post-*Sawyer*. *Sawyer* dealt with the acceptance of two felony-firearm

convictions at a single plea proceeding. As noted by Justices COLEMAN and FITZGERALD in dissent:

"If the judge had held separate plea hearings for each offense, there would be no question that the felony-firearm statute would have applied consecutively." 410 Mich 537.

In light of this observation by Justices COLEMAN and FITZGERALD, and since the *Sawyer* case dealt with the acceptance of two felony-firearm guilty pleas at the same proceeding, it is not completely clear from *Sawyer* whether a trial court is precluded from sentencing a defendant to two two-year consecutive sentences for felony-firearm if it accepts two guilty pleas at separate proceedings. In the instant case, defendant's guilty pleas were taken at separate proceedings. Since defendant's sentence agreement was made pre-*Sawyer,* we are convinced it was not illusory and we need not decide the applicability of *Sawyer* to the facts of this case. We note, however, that since the question of whether *Sawyer* would apply to the instant case's factual setting has not yet been decided, this is an additional ground for holding that the part of the sentencing agreement requiring that defendant receive concurrent felony-firearm sentences was not illusory.

Defendant aruges next that the court failed to comply with GCR 1963, 785.7(1)(d), in not disclosing that armed robbery carries a mandatory minimum sentence. The court did inform defendant that:

"Now, you understand that the offense of robbery armed carries a punishment which could be imposed by the court of confinement for any number of years up to

life imprisonment and it is not a probationable offense. Do you understand that?"

The court's advice complies with the requirement of GCR 1963, 785.7(1)(d). See *People v West,* 113 Mich App 1, 4; 317 NW2d 261 (1982); *People v Harper,* 83 Mich App 390, 398-399; 269 NW2d 470 (1978), *lv den* 406 Mich 1021 (1981).

Defendant's final two arguments are without merit. *Cf. People v Johnson,* 413 Mich 487, 490; 320 NW2d 876 (1982) ("GCR 1963, 785.7 does not require advice as to the consequences of Proposal B"); *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979) (convictions for both felony-firearm and the underlying felony do not violate double jeopardy principles), *app dis* 444 US 948; 100 S Ct 418; 62 L Ed 2d 317 (1979); *Missouri v Hunter,* — US —; 103 S Ct 673; 74 L Ed 2d 535 (1983).

Affirmed.