PEOPLE v STEWART

Docket Nos. 92542, 92876. Decided September 29, 1992. On applica-
tions by the plaintiff and the defendant for leave to appeal, the
Supreme Court, in lieu of granting leave, reversed the judg-
ment of the Court of Appeals and reinstated the judgment of
the circuit court.

Ronald G. Stewart pleaded guilty in the Oakland Circuit Court,
Gene Schnelz, J., of armed robbery, possession of a firearm
during the commission of a felony, third offense, and being
an habitual offender, fourth offense. The Court of Appeals,
SULLIVAN, P.J., and HOOD and BRENNAN, JJ., remanded the case
for resentencing in an unpublished memorandum opinion, hold-
ing that the defendant may be punished only as a second time
felony-firearm offender because the second offense was not
committed subsequent to his first conviction (Docket No.
131571). Both parties seek leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held:*

A defendant may be convicted of possession of a firearm
during the commission of a felony, third offense, if the offense
is preceded by two felony-firearm convictions and both convic-
tions arose from separate criminal · incidents. Only the prior
convictions must precede the offense for which the defendant
faces enhanced punishment; there is no requirement that all
prior offenses be neatly separated by intervening convictions.

Justice BOYLE, concurring, stated that a defendant who vol-
untarily pleads guilty while represented by counsel waives all
nonjurisdictional objections.

Reversed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Pros-
ecuting Attorney, *Michael J. Modelski,* Chief, Ap-
pellate Division, and *Richard H. Browne,* Assis-
tant Prosecuting Attorney, for the people.

State Appellate Defender (by *Anne Yantus*) for
the defendant.

Per Curiam. The defendant pleaded guilty of possession of a firearm during the commission of a felony (third offense), and received the mandatory ten-year consecutive sentence. However, the Court of Appeals remanded the case for resentencing, on the ground that the defendant should have been convicted only as a second offender. We find that the plea was properly accepted, and we therefore reverse the judgment of the Court of Appeals and reinstate the judgment of the circuit court.

I

In March 1988, the defendant committed an armed robbery. In exchange for the prosecution's agreement to dismiss charges in an unrelated prosecution, he pleaded guilty in 1989 of armed robbery,[1] and felony-firearm (third offense).[2] The defendant also pleaded guilty as an habitual (fourth-felony) offender.[3] As an habitual offender, he received an enhanced ten- to forty-year sentence for armed robbery. The trial court also imposed the mandatory ten-year consecutive sentence for felony-firearm (third offense).

Later, the defendant moved for resentencing on the ground that he should only have been convicted of and sentenced for felony-firearm (second offense).[4] The defendant's argument was based upon the timing of his two prior felony-firearm offenses, both of which had occurred in 1980. He argued that, because his second felony-firearm *offense* occurred before his first felony-firearm *conviction*, the current felony-firearm prosecution

---

[1] MCL 750.529; MSA 28.797.

[2] MCL 750.227b; MSA 28.424(2).

[3] MCL 769.12; MSA 28.1084.

[4] There is a mandatory five-year sentence for felony-firearm (second offense). MCL 750.227b(1); MSA 28.424(2)(1).

should be considered a second offense, not a third offense. The defendant asserted that this outcome was mandated by *People v Sawyer,* 410 Mich 531; 302 NW2d 534 (1981).[5]

The defendant's motion was denied by the circuit court, but the Court of Appeals remanded the case for resentencing.[6] The Court said that such relief was "compelled" by *Sawyer,* and that the defendant "can be punished only as a second time felony-firearm offender because the second offense was not committed subsequent to his first conviction."

Both the prosecutor and the defendant have applied to this Court for leave to appeal.[7]

II

Interpreting the felony-firearm statute,[8] the Court of Appeals relied on *Sawyer:*

---

[5] Reh den 411 Mich 1119 (1981).

[6] Memorandum opinion of the Court of Appeals issued September 24, 1991 (Docket No. 131571).

[7] The Court of Appeals remanded this case for "resentencing on both substantive offenses." The defendant argued in a motion for rehearing in the Court of Appeals that it was error to order a resentencing with regard to the conviction as an armed robber and habitual offender. The Court of Appeals denied the motion, and the defendant now presents this claim in his application.

[8] The issue in this case concerns the proper interpretation of MCL 750.227b(1); MSA 28.424(2)(1). At the time of this 1988 offense, the originally enacted language of 1976 PA 6 remained in effect. The current language, enacted by 1990 PA 321, is not substantively different as regards this case. The present language reads:

A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony, except a violation of [MCL 750.223, 750.227, 750.227a, or 750.230; MSA 28.420, 28.424, 28.424(1), or 28.427], is guilty of a felony, and shall be imprisoned for 2 years. Upon a second conviction under this section, the person shall be imprisoned for 5 years. Upon a third or subsequent conviction under this subsection, the person shall be imprisoned for 10 years.

On two separate occasions, defendant committed robbery while armed with a firearm. Separate prosecutions were thereafter undertaken and defendant was in each case charged with one count of armed robbery, MCL 750.529; MSA 28.797, and one count of felony-firearm, MCL 750.227b; MSA 28.424(2). At a single plea proceeding, defendant pled guilty to all four felony counts. Defendant had not previously been convicted of felony-firearm.

The trial judge thereafter sentenced the defendant to prison for armed robbery. He also sentenced the defendant to a two-year term of imprisonment for the felony-firearm offense which occurred first and to a five-year term of imprisonment for the felony-firearm offense which occurred second. He properly directed that each term of imprisonment for felony-firearm was to be served consecutively with and preceding the accompanying term of imprisonment imposed for armed robbery. He properly directed that the two terms of imprisonment for armed robbery be served with one another. He further directed, however, that the two terms of imprisonment imposed for felony-firearm be served consecutively. Defendant was thus obliged to serve a seven-year term of imprisonment for felony-firearm prior to beginning his term of imprisonment for the second armed robbery conviction. The Court of Appeals affirmed. [410 Mich 533-534.]

This Court's opinion in *Sawyer* addressed two separate questions. First, it was found to be error for the trial judge to have directed that the defendant's two felony-firearm sentences be served consecutively. The second holding pertains to the present case:

Defendant pled guilty to two counts of felony-firearm at a single plea proceeding. The offense which occurred second was treated as a second offense for sentencing purposes and the defendant

received a five-year term of imprisonment there-
for. The statute indicates that the five-year term is
to be given to one who sustains "a second convic-
tion under this section." It is by no means clear
that the Legislature intended the result found in
this case. There are a number of purposes served
when the Legislature provides increasing punish-
ment for repeat offenders. These include deter-
rence and the proper desire of society to provide
more severe punishment for a person who declines
to change his or her ways following an opportunity
to reform. These purposes are not served by impos-
ing a more severe sentence on the day when a
defendant first pleads guilty, and we accordingly
believe that the Legislature intended that a five-
year term of imprisonment for a second conviction
should only be imposed where the second offense is
subsequent to the first conviction. [410 Mich 535-
536.]

Several years after *Sawyer,* this Court examined
the habitual offender statute,[9] which also provides
escalating penalties for repeat offenders. We held
in *People v Stoudemire,* 429 Mich 262; 414 NW2d
693 (1987), that a person may be convicted only as
a second felony offender, not as a fourth offender,
when a person has three prior convictions arising
out of a single criminal transaction. As in *Sawyer,*
this Court emphasized that the intent of the Legis-
lature is the key consideration—we termed it "the
lodestar of statutory construction." 429 Mich 265.

The habitual offender statute was again consid-
ered in *People v Preuss,* 436 Mich 714; 461 NW2d
703 (1990). The issue was whether, as the defen-
dant contends in the present case, two prior con-
victions must be counted as only one when the
second offense precedes the first conviction. We
held that "the statute does not require that a
fourth offender's three prior convictions, the sen-

[9] MCL 769.10; MSA 28.1082.

tences for those convictions, or the offenses upon
which those convictions and sentences are based,
occur in any particular sequence. The statute re-
quires only that the fourth offense be preceded by
three convictions of felony offenses, and that each
of those three predicate felonies arise from sepa-
rate criminal incidents."[10] 436 Mich 717.

### III

In *Sawyer,* we held that one may not be con-
victed of felony-firearm (second offense) unless the
second offense was committed after the first con-
viction. In the present case, the Court of Appeals
has expanded that holding into a rule that one
may not be convicted of felony-firearm (third of-
fense) unless the third offense is committed after
the second conviction *and* the second offense is
committed after the first conviction.

There is no conflict between the interpretation
given to the habitual offender statute in *Preuss*
and the interpretation given to the felony-firearm
statute in *Sawyer.*[11] We said in *Preuss* that the
habitual offender statute "requires only that the
fourth offense be preceded by three convictions of
felony offenses, and that each of those three predi-
cate felonies arise from separate criminal inci-
dents." 436 Mich 717. Our statement in *Sawyer*
that "a five-year term of imprisonment for a sec-
ond conviction should only be imposed where the
second offense is subsequent to the first convic-
tion," 410 Mich 536, should be understood to mean

[10] We also explained that, "[t]o the extent that some of the reason-
ing in *Stoudemire* conflicts with our decision in [*Preuss*], it is modi-
fied." 436 Mich 739.

[11] In *Preuss* we noted *Sawyer,* saying that it "stands for the princi-
ple that an enhanced penalty for a second offense may be imposed
only when a defendant commits the second offense after conviction of
his first offense." 436 Mich 732.

that a defendant may not be convicted as a repeat offender unless the prior conviction(s) precede the offense for which the defendant faces enhanced punishment. There is no requirement that all prior offenses be neatly separated by intervening convictions.

As in *Sawyer* and *Preuss,* we hold that a defendant may be convicted of felony-firearm (third offense) if the third offense is preceded by two convictions of felony-firearm, and both prior felony-firearm convictions have arisen from separate criminal incidents. For these reasons, we reverse the judgment of the Court of Appeals and reinstate the judgment of the circuit court.[12] MCR 7.302(F)(1).

CAVANAGH, C.J., and LEVIN, BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, JJ., concurred.

BOYLE, J. (*concurring*). As I noted in *People v Preuss,* 436 Mich 714, 739; 461 NW2d 703 (1990), a defendant who voluntarily pleads guilty while represented by counsel waives all nonjurisdictional objections, *People v Johnson,* 396 Mich 424; 240 NW2d 729 (1976), cert den 429 US 951 (1976).

---

[12] In light of this holding, it is unnecessary to address the question raised in the defendant's application for leave to appeal, and we deny the application.