# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 27, 2006

131645

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

DAWAN ARTICE COLFER,
      Defendant-Appellee.

SC: 131645
COA: 268740
Wayne CC: 05-000709-01

_____/

      On order of the Court, the application for leave to appeal the June 12, 2006 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

      MARKMAN, J., dissents and states as follows:

      I respectfully dissent from this Court's order denying leave to appeal. Defendant pleaded guilty to three counts of armed robbery and two counts of possession of a firearm during the commission of a felony. The trial court sentenced defendant to five to 20 years for the armed robbery convictions, a consecutive two-year sentence for one of the felony-firearm convictions, and a consecutive five-year sentence for the other felony-firearm conviction. However, the trial court subsequently granted defendant's motion to amend the judgment of sentence and reduced the five-year sentence for felony-firearm to a two-year sentence, to run consecutively to the armed robbery sentences but concurrently with the other two-year sentence for felony-firearm. The Court of Appeals denied the prosecutor's application for leave to appeal.

      MCL 750.227b(1) states, "Upon a second conviction under this section [for felony-firearm], the person shall be imprisoned for 5 years." In *People v Sawyer,* 410 Mich 531, 536 (1981), this Court held that "the Legislature intended that a five-year term of imprisonment for a second [felony-firearm] conviction should only be imposed when the second offense is subsequent to the first conviction." The prosecutor argues that *Sawyer* should be overruled.

In this case, this was defendant's second conviction of felony-firearm and, thus, it would seem that he should be imprisoned for five years according to the straightforward language of the statute. Contrary to the holding in *Sawyer*, MCL 750.227b(1) does not say that a five-year sentence is only appropriate where the second conviction arises from an offense committed *after the imposition of the sentence for the first conviction.* Therefore, I would grant the prosecutor's application for leave to appeal to reconsider *Sawyer.*

CORRIGAN, J., joins the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 27, 2006

_____
Clerk

s1024