# Syllabus

Chief Justice:
Stephen J. Markman

Justices:
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

PEOPLE v WILSON

Docket No. 154039. Argued on application for leave to appeal April 13, 2017. Decided July 25, 2017.

Dwayne E. Wilson was convicted by a jury in the Macomb Circuit Court, James M. Biernat, Jr., J., of one count of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and two counts of unlawful imprisonment, MCL 750.349b. Because defendant had two prior felony-firearm convictions, defendant was sentenced to 10 years' imprisonment as a third felony-firearm offender under MCL 750.227b(1), followed by concurrent terms of 100 to 180 months' imprisonment for the unlawful-imprisonment counts. Defendant objected at sentencing, arguing that his felony-firearm sentence was improper because his two prior convictions for felony-firearm arose from a single incident. Defendant cited *People v Stewart*, 441 Mich 89 (1992), which held that, in assessing whether a defendant is a third felony-firearm offender under MCL 750.227b, prior felony-firearm convictions must arise out of separate criminal incidents. The circuit court held that *Stewart* was no longer good law because it relied on *People v Preuss*, 436 Mich 714 (1990), which had been overruled by *People v Gardner*, 482 Mich 41 (2008), and the court further held that nothing in the language of MCL 750.227b(1) requires the previous felony-firearm convictions to have arisen from separate incidents. Defendant appealed, and the Court of Appeals, MURPHY, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ., reversed and remanded in an unpublished per curiam opinion, issued May 10, 2016 (Docket No. 324856), holding that defendant should have been sentenced as a second felony-firearm offender rather than a third felony-firearm offender because lower courts remain bound by *Stewart* unless and until the Supreme Court overrules it. The Court of Appeals further held that defendant was entitled to a remand under *People v Lockridge*, 498 Mich 358 (2015). The prosecution sought leave to appeal in the Supreme Court, and the Supreme Court ordered and heard oral argument on whether to grant the application or take other action. 500 Mich 889 (2016).

In a unanimous opinion by Justice LARSEN, the Supreme Court, in lieu of granting leave to appeal, *held*:

Under the plain language of MCL 750.227b(1), a defendant convicted of possession of a firearm during the commission of a felony (felony-firearm) who has two prior felony-firearm convictions is a third felony-firearm offender subject to imprisonment for 10 years, regardless of

whether the prior two convictions arose out of the same or separate criminal incidents. *People v Stewart*, 441 Mich 89 (1992), was overruled.

1. MCL 750.227b(1) provides that a person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony, except a violation of certain sections of the Penal Code, is guilty of a felony and shall be punished by imprisonment for 2 years; that upon a second conviction under MCL 750.227b(1), the person shall be punished by imprisonment for 5 years; and that upon a third or subsequent conviction under MCL 750.227b(1), the person shall be punished by imprisonment for 10 years. The Legislature excepted certain convictions from the statute: convictions for violations of MCL 750.223, MCL 750.227, MCL 750.227a, or MCL 750.230 are not to be counted. However, the text contains no similar exception for convictions arising out of the same criminal incident, and the presence of one limitation on the kinds of convictions that are to be counted strongly suggests the absence of others unstated. Furthermore, the text of the felony-firearm statute did not differ in any meaningful way from the habitual-offender statutes that the Supreme Court interpreted in *Gardner*; while the Court in *Gardner* emphasized that the language of the habitual-offender statutes "defies the importation of a same-incident test because it states that *any combination* of convictions must be counted," *Gardner*, 482 Mich at 51, the absence of the "any combination of" language in the felony-firearm statute did not create exceptions otherwise not present in the statute and therefore did not render the statute ambiguous. There is no separate-incidents requirement in either the habitual-offender or felony-firearm statutes, and the Supreme Court erred in *Stewart* by judicially engrafting a separate-incidents test onto the unambiguous statutory language of the felony-firearm statute. *Stewart* was wrongly decided.

2. If a case is wrongly decided, the Court has a duty to consider whether it should remain controlling law by determining whether there has been such reliance on the decision that overruling it would work an undue hardship, whether changes in the law or facts no longer justify the decision, and whether the decision defies practical workability. *Stewart* is overruled because its reasoning was based entirely on cases that the Supreme Court has since overruled and because the other stare decisis factors were not strong enough to counsel in favor of retaining it. The Court's decision in *Gardner* undercut any reliance that defendant or others might reasonably have placed on the holding in *Stewart*. In *Gardner*, the Court, in construing the habitual-offender statutes, overruled the separate-incidents requirement that had been announced in *Preuss* and *People v Stoudemire*, 429 Mich 262 (1987). *Stewart* had merely imported the separate-incidents requirement from the habitual-offender context into the felony-firearm statute, and therefore *Gardner* left *Stewart* without foundation and defendant on notice that *Stewart* was on shaky ground. This change in caselaw diminished any reasonable reliance interest defendant or others may have had on *Stewart*, and the absence of that reliance interest weighed heavily in favor of overruling *Stewart*. Finally, while the *Stewart* rule did not defy practical workability, the absence of any reasonable reliance interest coupled with a significant intervening change in caselaw weighed heavily in favor of overruling *Stewart*.

Court of Appeals' judgment that defendant should have been sentenced as a second felony-firearm offender reversed; case remanded to the trial court to determine whether it would have imposed a materially different sentence under the sentencing procedure described *Lockridge*.

©2017 State of Michigan

# OPINION

Chief Justice:     Justices:
Stephen J. Markman     Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder

FILED  July 25, 2017

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v     No. 154039

DWAYNE EDMUND WILSON,

        Defendant-Appellee.

BEFORE THE ENTIRE BENCH

LARSEN, J.

Defendant, Dwayne Edmund Wilson, has two prior convictions for possession of a firearm during the commission of a felony (felony-firearm) arising from a single incident. He has once again been convicted of felony-firearm. May he now be properly sentenced as a third felony-firearm offender under MCL 750.227b(1)? Relying on binding precedent from this Court, see *People v Stewart*, 441 Mich 89; 490 NW2d 327 (1992), the Court of Appeals answered "no." We now overrule that precedent because nothing in

the text of MCL 750.227b(1) requires that a repeat felony-firearm offender's prior felony-firearm convictions arise from separate criminal incidents, and the stare decisis factors do not counsel in favor of retaining the erroneous rule. Accordingly, we reverse, in part, the judgment of the Court of Appeals.

## I. FACTS AND PROCEDURAL HISTORY

Defendant was convicted by a jury of one count of felony-firearm, MCL 750.227b, and two counts of unlawful imprisonment, MCL 750.349b. He was sentenced to 10 years' imprisonment as a third felony-firearm offender under MCL 750.227b(1), followed by concurrent terms of 100 to 180 months' imprisonment for the unlawful-imprisonment counts. Defendant objected at sentencing, arguing that his felony-firearm sentence was improper because his previous convictions for felony-firearm arose from a single incident.[1] In support, defendant cited *Stewart*, which held that, in assessing whether a defendant is a third felony-firearm offender under MCL 750.227b(1), prior felony-firearm convictions must arise out of separate criminal incidents. *Stewart*, 441 Mich at 95. The trial court agreed with the prosecution that *Stewart* was no longer good law because it relied on *People v Preuss*, 436 Mich 714; 461 NW2d 703 (1990), which had been overruled by *People v Gardner*, 482 Mich 41; 753 NW2d 78 (2008). The trial court further agreed that nothing in the language of MCL 750.227b(1) requires the previous felony-firearm convictions to have arisen from separate incidents.

---

[1] It is undisputed that defendant's two prior felony-firearm convictions arose from the same criminal incident and that both preceded the criminal conduct that gave rise to defendant's latest felony-firearm conviction.

Defendant successfully sought relief in the Court of Appeals, which appropriately reasoned that all lower courts remain bound by *Stewart* unless and until this Court overrules it. *People v Wilson*, unpublished per curiam opinion of the Court of Appeals, issued May 10, 2016 (Docket No. 324856), p 7, citing *Paige v Sterling Hts*, 476 Mich 495, 524; 720 NW2d 219 (2006); see also *Associated Builders & Contractors v Lansing*, 499 Mich 177, 191-192; 880 NW2d 765 (2016). The Court of Appeals, therefore, remanded the case to the trial court and ordered that defendant's felony-firearm sentence be reduced to five years' imprisonment. *Wilson*, unpub op at 8.

The prosecution seeks this Court's leave to appeal, arguing that *Stewart* does not comport with the plain language of MCL 750.227b(1) and should be overruled. We ordered oral argument on the application. *People v Wilson*, 500 Mich 889 (2016).

## II. ANALYSIS

### A.

Under the plain language of MCL 750.227b(1), a defendant convicted of felony-firearm who has two prior felony-firearm convictions is a third felony-firearm offender subject to imprisonment for 10 years, regardless of whether the prior two convictions arose out of the same or separate criminal incidents. MCL 750.227b(1) provides:

> A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony, except a violation of section 223, 227, 227a, or 230, is guilty of a felony and shall be punished by imprisonment for 2 years. Upon a second conviction under this subsection, the person shall be punished by imprisonment for 5 years. Upon a third or subsequent conviction under this subsection, the person shall be punished by imprisonment for 10 years.

The statute plainly directs courts to count convictions and apply enhanced punishments accordingly. See MCL 750.227b(1) ("Upon a second *conviction* under this subsection, the person shall be punished by imprisonment for 5 years" and "[u]pon a third or subsequent *conviction* under this subsection, the person shall be punished by imprisonment for 10 years.") (emphasis added). The Legislature did except certain convictions from the statute: convictions for violations of "section 223, 227, 227a, or 230" are not to be counted. *Id*. But the text contains no similar exception for convictions arising out of the same criminal incident. The presence of one limitation on the kinds of convictions that are to be counted strongly suggests the absence of others unstated. See *Pittsfield Charter Twp v Washtenaw Co*, 468 Mich 702, 712; 664 NW2d 193 (2003) (applying "the doctrine of expressio unius est exclusio alterius, the expression of one thing suggests the exclusion of all others").

The text of the felony-firearm statute does not differ in any meaningful way from the habitual-offender statutes this Court interpreted in *Gardner*. The habitual-offender statutes read: "If a person has been convicted of any combination of [X] or more felonies or attempts to commit felonies, . . . the person shall be punished upon conviction of the subsequent felony . . . as follows: . . . ." MCL 769.11(1); MCL 769.12(1). In *Gardner*, we explained:

> The text clearly contemplates the *number* of times a person has been "convicted" of "felonies or attempts to commit felonies." Nothing in the statutory text suggests that the felony convictions must have arisen from separate incidents. To the contrary, the statutory language defies the importation of a same-incident test because it states that *any combination* of convictions must be counted. [*Gardner*, 482 Mich at 50-51.]

4

As with the habitual-offender statutes, the felony-firearm statute "clearly contemplates the *number* of times a person has been 'convicted' of" felony-firearm. *Id.*

Defendant argues, however, that our reasoning in *Gardner* rested on the Legislature's inclusion of the phrase "any combination of" in the habitual-offender statutes; and so, he argues, the absence of those or similar words in the felony-firearm statute leaves the Legislature's intent unclear. It is true, as defendant points out, that this Court in *Gardner* twice highlighted the "any combination of" language. See *id*. at 51, 66. The presence of that language in the habitual-offender statutes surely emphasized the fact that the Legislature had placed no restrictions on the kinds of convictions that should count. But it does not follow that the absence of such emphasizing language would have created exceptions otherwise not present. Stripped of the "any combination of" language, the text of the habitual-offender statutes at issue in *Gardner* would still contain no limitations on which convictions to count. See *id*. at 50-51. In the felony-firearm statute at issue in this case, the only statutory exceptions pertain to underlying felonies. There is no mention in either the habitual-offender or felony-firearm statute of a "separate incidents" requirement. Thus, the absence of the "any combination of" language in the felony-firearm statute does not render the statute ambiguous. "[W]hen statutory language is unambiguous, judicial construction is not required or permitted." *Id*. at 50.

A defendant with two prior felony-firearm convictions who is again convicted of felony-firearm is a third felony-firearm offender under MCL 750.227b(1), regardless of

whether the two prior felony-firearm convictions arose out of the same criminal incident.[2] This Court erred in *Stewart* "by judicially engrafting [a separate-incidents test] onto the unambiguous statutory language" of the felony-firearm statute. *Id*. at 68. *Stewart* was wrongly decided.

B.

That *Stewart* was wrongly decided does not end our inquiry. We must still ask whether we should overrule it. "The application of stare decisis is generally the preferred course, because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process." *People v Tanner*, 496 Mich 199, 250; 853 NW2d 653 (2014) (citation and quotation marks omitted). But "stare decisis is a 'principle of policy' rather than 'an inexorable command,' " *Robinson v Detroit*, 462 Mich 439, 464; 613 NW2d 307 (2000) (citation omitted), and so, if a case is wrongly decided, "we have a duty to reconsider whether it should remain controlling law," *Gardner*, 482 Mich at 61. Our stare decisis principles direct us to consider whether there has been such reliance on the decision that overruling it would work an undue hardship, whether changes in the law or facts no longer justify the decision, and whether the decision defies practical workability. *Robinson*, 462 Mich at 464.

---

[2] This case does not present the issue of how to sentence a defendant who is convicted of multiple felony-firearm counts within one case, and so we decline to comment on the issue.

Most significantly, any reliance that defendant, or others, might reasonably have placed on this Court's prior holding in *Stewart* was undercut by our decision in *Gardner*.[3] *Stewart* drew its "separate incidents" rule entirely from our prior decision in *Preuss* which, along with *People v Stoudemire*, 429 Mich 262, 278; 414 NW2d 693 (1987), had announced the rule in the course of construing the habitual-offender statutes.[4] In *Stewart*, this Court imported the *Stoudemire-Preuss* separate-incidents requirement from the

---

[3] Relying on *Gardner*, the prosecution stated at oral argument that criminal defendants could not have relied on *Stewart*'s rule "because, simply put, by committing the crime they are already outside societal norms in that situation." Although there is language in *Gardner* that might be read to support this argument, see *Gardner*, 482 Mich at 62 ("The nature of a criminal act defies any argument that offenders attempt to conform their crimes—which by definition violate societal and statutory norms—to a legal test established by *Stoudemire* and *Preuss*."), *Gardner* should not be read to imply that criminal defendants can never assert legitimate reliance interests in statutes or caselaw. The very foundations of the state and federal constitutional prohibitions on ex post facto legislation are built on the idea of such reliance, not only by the law-abiding, who have a right to expect that their lawful acts will not be made retroactively criminal, but also by the law-breaking, who have a right to expect that the punishment for their crimes will not retroactively increase. See, e.g., *Collins v Youngblood*, 497 US 37, 43; 110 S Ct 2715; 111 L Ed 2d 30 (1990) ("Legislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts."); *People v Stevenson*, 416 Mich 383, 397; 331 NW2d 143 (1982) ("Increasing the authorized penalty after the fact does not deny the defendant fair notice of what conduct is criminal, yet it still violates the rule against *ex post facto* criminal laws."); see also *Marks v United States*, 430 US 188, 191-192; 97 S Ct 990; 51 L Ed 2d 260 (1977) (describing rare cases in which the Supreme Court reversed convictions on due-process grounds when "they rested on an unexpected" or "unforeseeable judicial construction of the statute").

[4] We also stated in *Stewart* that *People v Sawyer*, 410 Mich 531; 302 NW2d 534 (1981), "should be understood to mean that a defendant may not be convicted as a repeat offender unless the prior conviction(s) precede the offense for which the defendant faces enhanced punishment." *Stewart*, 441 Mich at 94-95. In this case, both of defendant's prior convictions for felony-firearm precede the date of his third offense, and so the continuing viability of *Sawyer* is not before us in this case.

habitual-offender context into the felony-firearm statute. *Stewart*, 441 Mich at 94-95, citing *Preuss*, 436 Mich at 717. But the Court overruled both *Stoudemire* and *Preuss* in *Gardner*,[5] 482 Mich at 61, leaving *Stewart* without foundation and defendant on notice that *Stewart* was on shaky ground. This change in our caselaw left *Stewart* an anomaly and diminished any reasonable reliance interest defendant and others may have had on it. Cf. *Robinson*, 462 Mich at 466 (holding that a court "must ask whether the previous decision has become so embedded, so accepted, so fundamental, to everyone's expectations that to change it would produce not just readjustments, but practical real-world dislocations"). While the *Stewart* rule does not "def[y] 'practical workability,' " *id*. at 464, the absence of any reasonable reliance interest, coupled with a significant intervening change in our caselaw, weighs heavily in favor of overruling *Stewart*.[6] See

---

[5] The Court in *Gardner* criticized the earlier decisions for "explicitly ignor[ing] the text, turning instead to legislative history and the Court's own views regarding" legislative intent. *Gardner*, 482 Mich at 51. *Stoudemire* had not even kept its review of legislative history at home but instead, noting that the Michigan act was modeled on New York's, had relied on a floor statement by the authoring New York legislator to reveal the intent of Michigan's Legislature. *Id*. at 51-52. After determining that the stare decisis factors did not counsel against it, the *Gardner* opinion overruled *Stoudemire* and *Preuss*. *Id*. at 61-62.

[6] In a slight twist on his stare decisis argument, defendant argues that we should read a separate-incidents requirement into the felony-firearm statute because, in the years since *Stewart*, the Legislature has not amended the felony-firearm statute to specifically *omit* a separate-incidents requirement. This Court, however, has long taken the view that "legislative acquiescence is an exceedingly poor indicator of legislative intent." *Donajkowski v Alpena Power Co*, 460 Mich 243, 258; 596 NW2d 574 (1999); see also *McCahan v Brennan*, 492 Mich 730, 749-750; 822 NW2d 747 (2012); *Paige*, 476 Mich at 516; *People v Hawkins*, 468 Mich 488, 507; 668 NW2d 602 (2003). We have also rejected any notion that cases involving statutory interpretation are to be afforded any greater stare decisis weight than other cases. See *Robinson*, 462 Mich at 467; *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 181; 615 NW2d 702 (2000).

8

*id*. at 465 (concluding that a prior case had "fallen victim to a subsequent change in the law" because of an intervening change in our caselaw).

Defendant has suggested many reasons why the Legislature might have wanted to limit the increased penalties of MCL 750.227b(1) to convictions that arise out of separate incidents. Whatever the merit of those arguments, there is nothing in the text of the statute to suggest the Legislature's agreement with them. *Stewart*, therefore, was wrongly decided. Moreover, its reasoning is based entirely on cases that we have since overruled, and the other stare decisis factors are not strong enough to counsel in favor of retaining it. We, therefore, overrule *Stewart*. We hold that a defendant's prior felony-firearm convictions count as convictions under MCL 750.227b(1) even if they did not arise out of separate criminal incidents.

## III. CONCLUSION

Defendant has two prior felony-firearm convictions. It is irrelevant under MCL 750.227b(1) that defendant's prior convictions arose out of the same criminal incident, and so defendant may properly be sentenced as a third felony-firearm offender. Accordingly, we reverse the Court of Appeals insofar as it held that defendant should have been sentenced as a second felony-firearm offender.

We note that we have already denied defendant's cross-application for leave to appeal. *People v Wilson*, 500 Mich 890 (2016). We further note that the prosecution's application for leave to appeal did not raise any challenge to the Court of Appeals' holding that defendant was entitled to a remand under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). Therefore, in accordance with the Court of Appeals' decision,

9

this case is remanded to the trial court to determine whether it would have imposed a materially different sentence under the sentencing procedure described in *Lockridge*.

Joan L. Larsen
Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder